132 So.2d 29 (1961)
CITY OF HOLLY HILL, a municipal corporation of Florida, M.C. Codianne, as Mayor, C.W. Scarbrough, Peter C. Grubbs, Fred Ormand and Robert T. Carson, as Councilmen, composing and comprising the City Council of said City of Holly Hill, Florida, Appellants,
v.
STATE of Florida ex rel. GEM ENTERPRISES, INC., a Florida corporation, d/b/a Florida Liquor Stores, Appellees.
No. C-121.
District Court of Appeal of Florida. First District.
July 6, 1961.
Rehearing Denied August 3, 1961.
*30 Millard B. Conklin, Daytona Beach, for appellants.
Hawkins, Orfinger & Moore, Daytona Beach, for appellees.
MURPHREE, JOHN A.H., Associate Judge.
Gem Enterprises, Inc., d/b/a Florida Liquor Stores, brought an action of mandamus in the Circuit Court against the City of Holly Hill, Florida, and the members of the City Council. The object of the suit was to require the City Council to revoke its disapproval of Gem's application for a transfer of its alcoholic beverage package store license from a location in Business Zone A to a location in Business Zone AA, according to the zoning code of the city. By its return to the alternative writ the city asserted a number of grounds for denying Gem's request; but, essentially, the city took the position that such a transfer would violate the city's zoning ordinance which specifies the types of businesses that are permitted in Business Zone AA, and that Gem had failed to exhaust its available administrative remedies before resorting to the Court. In due course the trial judge directed the issuance of a peremptory writ notwithstanding the return and the city and the council appealed.
Among the ordinances of the city are found the following:

Article V, Sec. 8(a). "Business Zone AA * * * shall be permitted to have the following businesses: offices, funeral homes, apartments, hotels, motels, retail stores, gasoline stations, cleaning establishments, laundries, churches, banks, photo studios, restaurants and bars, bakery shops, show rooms, radio and t.v. shops * *" (italics ours).

Sec. 9(c). "Where a business is not specifically classified, an application shall be submitted to the Planning Board which shall recommend under what zone such business shall fall." (Italics ours).

Ordinance 401, Article I, Sec. 3. "City Council shall appoint Board of Appeals: (b) to authorize upon appeal such variance from the ordinance as will not be contrary to the public interest where a literal enforcement would result in hardship."
The city contended that in view of the ordinances cited Gem should have *31 applied first to the Planning Board and next to the Board of Appeals, if aggrieved; because a package store for the sale of alcoholic beverages was not "specifically classified" for business zone AA. Gem, on the other hand, contended that since the ordinance expressly classifies bars as a permissible use in business zone AA and the state beverage law allows the sale of alcoholic package goods for consumption off premises to be sold in licensed bars (F.S. § 562.10, F.S.A.), it simply follows that the operation of a package store would be permissible in business zone AA.
The trial judge agreed with Gem's reasoning so it was not necessary that the suggested administrative steps be first taken in order to determine the controversy. Under the terms of the city ordinance the Planning Board could only have recommended a zoning classification to the City Council, and the Council had already acted contrary to Gem's contention in the matter. The Board of Appeals could grant a variance, but since package stores were expressly provided for as a proper business use in business zone AA, as we have indicated, an appeal to such board was unnecessary.
The law does not require one to pursue administrative remedies before resorting to the courts where such remedy would be of no avail. 42 Am.Jur., Public Administrative Law Sec. 200. 1 Fla.Jur., Administrative Law Sec. 176.
The city raised the further point that Gem did not surrender its beverage license to the city tax collector upon application for change of location of its license, as provided by Ordinance 254, Section 9(a) as follows:

Sec. 9(a) "* * * any licensee may move his place of business upon surrendering license to tax collector and making application for new license describing new location. * * *"
So literal an interpretation of said ordinance would be unreasonable and will not be held to express the true intent of the ordinance. Surely all that could be required would be a surrender of the old license before the issuance of a license in its place for the new location.
In connection with Gem's motion for summary judgment in this case, it was shown by the uncontroverted affidavit of the city clerk that before the instant suit arose the city had permitted a bar to be operated in business zone AA and more than one package store and a bar to be operated in business zone A.
Business zone A is a less restrictive zone than AA and the ordinance pertaining to zone A makes no mention of bars or package stores. It appears, therefore, that the city derived its authority to authorize package stores and bars in business zone A from the ordinance relating to zone AA which specifically classified "bars" as a proper use. Under Article IV, Sec. 1(d) of Ordinance 401, "* * * a business may be located properly in a zone lower classification."
We agree with the trial judge that the City Council's action in declining to sanction the transfer of Gem's license, under the circumstances of this case, was arbitrary and that Gem exhibited a clear legal right to the peremptory writ of mandamus.
Affirmed.
CARROLL, DONALD K., C.J., and WIGGINTON, J., concur.