135 So.2d 245 (1961)
R.F. COOK, As Director of Dade County Planning, Zoning and Building Departments, the Honorable Joseph A. Boyd, Jr., Ben McGahey, R.A. Fossey, Charles F. Hall, A.C. Kittel, Jr., Arthur H. Patten, Jr., Farris N. Cowart, Alexander Gordon, John B. McLeod, Walter Weiss, Milton Thompson and Robert M. Haverfield, As Members of and Comprising the Board of County Commissioners of Dade County, Florida; and Dade County, Florida, a Political Subdivision of the State of Florida, Appellants,
v.
Philip J. DI DOMENICO, Appellee.
No. 61-132.
District Court of Appeal of Florida. Third District.
December 4, 1961.
Rehearing Denied December 20, 1961.
Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Miami, for appellants.
John D. Marsh and Robert King High, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
*246 CARROLL, Judge.
This appeal is from a judgment in mandamus, entered in favor of the relator on his motion for peremptory writ notwithstanding the return. The writ compels issuance of a permit to construct a gasoline service station without the owner being compelled to waive his right to compensation for such improvements in event of a later taking for highway purposes.
The alternative writ alleged that in 1951 the county had listed the abutting street with many others for prospective highway construction, then passed a resolution preventing improvements within the bounds of the contemplated highway areas except upon such a waiver, first imposed by resolution then by an ordinance, yet had not proceeded and had no definite plans or schedule to do so, though nine years had elapsed. While not having controverted those facts, the county contended the relator could not maintain a mandamus action because he had not exhausted administrative remedies by applying for a variance. The uses for which the property was zoned permitted a service station. The owner did not need to seek a variance, and it would have been futile to apply. Even the restrictive resolution and ordinance did not prohibit the desired construction. His request could only have been one to the county to vacate or disregard, as to his property, the said provision for waiving compensation.
"The law does not require one to pursue administrative remedies before resorting to the courts where such remedy would be of no avail. 42 Am. Jur., Public Administrative Law, Sec. 200. 1 Fla.Jur., Administrative Law, Sec. 176." City of Holly Hill v. State ex rel. Gem Enterprises, Inc., Fla.App. 1961, 132 So.2d 29, 31.
Surely there is a limit to the period one can be deprived of lawful use of his property unless he shall agree to waive compensation for new improvements if and when taken for a highway. Here nine years had elapsed and no end of the inaction was in sight. Compare Mayer v. Dade County, Fla. 1955, 82 So.2d 513. Under the circumstances presented the able trial judge committed no error in granting the writ.
Affirmed.