254 So.2d 364 (1971)
WILLIAM MURRAY BUILDERS, INC., a Florida Corporation, Appellant,
v.
CITY OF JACKSONVILLE, a Political Subdivision of the State of Florida, Appellee.
No. O-356.
District Court of Appeal of Florida, First District.
November 9, 1971.
Rehearing Denied December 3, 1971.
*365 Dawson, Galant, Maddox, Boyer, Sulik & Nichols and Harold B. Haimowitz, Jacksonville, for appellant.
James C. Rinaman, Jr., David U. Tumin and Thomas D. Oakley, Jacksonville, for appellee.
JOHNSON, Judge.
William Murray Builders, Inc. appeals from a final judgment of the Circuit Court of Duval County holding the comprehensive zoning code of appellee to be valid and adjudging the appellee to be free from error in refusing to rezone appellant's property.
Appellant raises numerous contentions for our consideration which can be summarized as follows:
(1) The trial court erred procedurally with regard to the admission of certain evidence and its manner of final disposition of the cause;
(2) The trial court erred in holding appellee's comprehensive zoning code to be valid; and
(3) The trial court erred in holding the appellee to be free from error in its refusal to rezone appellant's property.
The first point above is substantially without merit and can be disposed of summarily.
It is next contended that appellee's entire comprehensive zoning code is invalid because appellee failed to comply with certain notice requirements as to the several ordinances which comprise said code. An examination of the record on appeal reveals that the final ordinance, Ordinance No. 69-794-517, reenacted several previous ordinances and, together with such prior ordinances, became the comprehensive zoning code of the City of Jacksonville, and that a seventeen day notice was published of a hearing for the purpose of consideration of the adoption of a new comprehensive zoning code. Said notice of hearing and the subsequent enactment of Ordinance No. 69-794-517 cured any defects in the previous zoning ordinances.
This brings us to appellant's final contention that the trial court erred in upholding appellee's refusal to act affirmatively on appellant's application for a rezoning of his property. In essence, appellant argues that appellee's comprehensive zoning code is invalid as applied to appellant's property, and that appellee's refusal to grant a rezoning of the area for apartment use was arbitrary, unreasonable and confiscatory. With this contention, we must agree.
Appellant is the owner of a thirty-five acre tract. Prior to July 1, 1968, said property was zoned "agricultural" and residential apartments were a permissible use. On said date, the zoning regulations were amended by deleting apartments as a permissible use of property zoned "agricultural." Appellant filed an application to have its property rezoned for apartment use. During the pendency of this application, appellee adopted its comprehensive zoning code which restricted the use of appellant's property to single family dwellings. Appellant's application for rezoning was subsequently denied.
The character of the areas surrounding appellant's thirty-five acre tract is somewhat in dispute. Appellant claims that it is largely commercial as it contains the yards and railroad tracks of the Florida East Coast Railway, a gas station, a 7-11 *366 Store, a large apartment complex and a septic tank outlet for a large sewage disposal plant. Appellee points out that the adjoining property, with the exception of 70 acres lying to the Northwest which is zoned and used for apartment use, is zoned either "single family dwelling" or "open rural"; that the railroad tracks lie some 500 feet from appellant's property; and that the sewage plant does not directly adjoin appellant's property.
Appellant's witnesses testified that the most logical, reasonable and feasible use of appellant's land would be for development of an apartment complex and that the area was not economically suitable for single family dwellings due to the structures on the surrounding areas. It was stated that houses in the area sold for less than the land development costs, that there was severe buyer resistance to homes previously constructed in that area and that, while financing would be readily available for apartment construction, it would not be available for single family development. And, it was further stated that apartments on appellant's property would not jeopardize or adversely affect the plan for development of the area, nor would development for apartments adversely affect public health, morals, safety or welfare. The appellee's witnesses' testimony conflicted with the above-mentioned testimony as to the highest and best use of appellant's property.
It is well-established law that the right of an owner to the free use of his property may be regulated by the legitimate exercise of the police power. When such power is so asserted fairly and impartially in the interest of the public health, safety, morals or general welfare, the courts will not substitute their judgment for that of the public officers charged with a duty concerning such matters unless it clearly appears that their actions have no just foundation in reason or necessity. On the other hand, if the zoning ordinance has the effect of depriving an owner of the beneficial use of his property by precluding all uses or the only use to which the property is reasonably adapted, an attack upon the validity of the regulation as applied to the particular property involved will be sustained. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941). One's right to devote his real estate to any legitimate use is properly within the protection of the Constitutions of the United States and Florida. Legislators may not, under the guise of the police power, impose restrictions which are unnecessary or unreasonable upon the use of private property or upon the pursuit of useful activities. State ex rel. Henry v. City of Miami, 117 Fla. 594, 158 So. 82 (1934). An action imposing restrictions on private property must be kept within the limits of necessity for the public health, morals, safety or welfare, or it will be recognized as an unlawful taking. Hence, while it is not the function of a court to rezone property, it is our function to determine at which point zoning restrictions become arbitrary. Burritt v. Harris, 172 So.2d 820 (Fla. 1965).
In order to sustain its position, appellee points to the rule that zoning regulations which promote the integrity of a neighborhood and preserve its residential character are related to the general welfare of a community and are valid exercises of legislative power. City of Miami v. Zorovich, 195 So.2d 31 (Fla.App.3rd, 1967). While we fully agree with the above proposition, we are of the opinion that the present case does not come within the bounds of this rule because the record clearly reveals that to change the residential zoning of appellant's property will in no way act to destroy the integrity of a neighborhood.
In the instant case, the only property in the neighborhood which is used for single family dwellings is separated from appellant's property by vacant marshlands and a sewage disposal plant. The property surrounding *367 appellant's tract is used to maintain the yards of the railroad, a convenience store, a gas station, a large apartment complex and a sewage disposal system.
The record clearly reflects that appellant carried the burden of showing that its thirty-five acre tract was unsuitable for use under a single family residence classification, and that it would be arbitrary and unreasonable to impose on this property such a classification which has no reasonable debatable relationship to the public health, safety, morals or general welfare.
As noted above, zoning restrictions may not exceed the bounds of necessity for the public welfare. Here, due to the character of the surrounding areas, the zoning classification restricting the use of the subject property to single family dwellings had no substantial relationship to the public welfare, and there was no showing that the comprehensive zoning plan of the City would be jeopardized or materially affected by the removal of the restrictions challenged. City of Miami Beach v. First Trust Company, 45 So.2d 681 (Fla. 1949).
We therefore hold that the zoning regulation in question, as applied to appellant's property, is arbitrary and unreasonable and cannot be characterized as fairly debatable. Kugel v. City of Miami Beach, 206 So.2d 282 (Fla.App.3d, 1968). Appellant's property should be rezoned for apartment use in accordance with the appellant's application, a use which is consistent with the surrounding areas and circumstances.
This cause is reversed and remanded for further proceedings and a decree in accordance with the views herein expressed.
Reversed and remanded.
SPECTOR, C.J., and WIGGINTON, J., concur.