275 So.2d 600 (1973)
G.M. DAVIS et al., Appellants,
v.
SITUS INCORPORATED et al., Appellees.
No. R-376.
District Court of Appeal of Florida, First District.
April 10, 1973.
*601 Wayne M. Carlisle, County Atty., for appellants.
James F. Lang, Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellees.
WIGGINTON, Judge.
Appellants, constituting the Board of County Commissioners of Alachua County, have appealed a final judgment directing that the parcel of land involved herein be rezoned from the residential classification which restricts construction to residential building to the classification of administrative-professional which permits construction of office buildings.
This suit was instituted by appellees as the owners of a triangularly shaped parcel of land consisting of approximately three acres which is bounded on the north, south, and westerly apex by two four-laned heavily-traveled arterial highways and on the east by a large drainage ditch constructed over a forty-foot easement separating appellees' land from the residential lots which adjoin it on the east. It is appellees' position that the land owned by them is no longer suitable for residential purposes for which it is presently zoned, but that its highest and best use consistent with the character of the neighborhood is for administrative-professional purposes such as an office building. Appellees contended that the presently existing zoning restrictions constitute a confiscation of their property and under the circumstances now existing are capricious, arbitrary, and unreasonable.
At the trial of this cause each side offered numerous exhibits and the testimony of expert witnesses in support of their respective contentions. As is invariably true in cases of this kind, the testimony was in sharp conflict as to whether the present zoning restrictions were reasonable and proper or whether they were unreasonable, arbitrary, and confiscatory. A petition signed by most of the residents living within 400 feet of appellees' property requesting approval of the rezoning application was introduced in evidence.
It is appellants' position that in ordering the property to be rezoned to a less restrictive classification, the trial court either ignored or acted in violation of the judicially established "fairly debatable" rule. Under this rule if the question of whether a zoning ordinance meets the constitutional tests of serving the health, safety, morals, or general welfare of the public is open to dispute or controversy on grounds that make sense and are fairly debatable, then the court should not substitute its judgment for that of the zoning authority.[1] It is because of this alleged transgression of the fairly debatable rule by the trial court that appellants seek reversal.
In the final judgment rendered in this cause the court found from the evidence adduced that the parcel of land in question is not suitable as residential property, for which purpose it has a relatively small value. The court further found that the *602 highest and best use of the land from an economic standpoint, which would be in keeping with the neighborhood and its residential character, would be those uses permitted by an administrative-professional classification. The court specifically recognized the fairly debatable rule in the judgment rendered and expressed a reluctance to impose the court's judgment on that of the zoning authority. The court found it necessary to do so in this case, however, for the reason that the restrictions imposed on appellees' land by the zoning classification are found to be arbitrary, capricious, unreasonable and confiscatory, which issue the court found to be not fairly debatable.
Although our review of the record does support appellants' contention that the evidence on the propriety of the existing zoning classification of appellees' land is in dispute, we do not believe that this fact alone automatically requires the application of the fairly debatable rule to the final disposition of the case. If this were so, it would be virtually impossible for any property owner to secure a judicial rezoning of his land regardless of the unreasonable, arbitrary, or confiscatory nature of the restrictions imposed upon him by existing zoning regulations.
Our review of the record reveals competent substantial evidence supporting the trial court's findings and conclusions which reach this court clothed with a presumption of correctness.[2] Appellants having failed to carry the burden of clearly demonstrating error,[3] the judgment appealed is affirmed.[4]
SPECTOR, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Smith v. City of Miami Beach (Fla.App. 1968), 213 So.2d 281; City of Miami Beach v. Wiesen (Fla. 1956), 86 So.2d 442; City of Miami Beach v. Lachman (Fla. 1954), 71 So.2d 148.
[2] Ogden v. Groves (Fla.App. 1970), 241 So.2d 756; see also Stokes v. City of Jacksonville, 276 So.2d 200, Fla.App., opinion filed March 29, 1973, not yet reported.
[3] Riverside Homes, Inc. v. City of Miami (Fla.App. 1964), 159 So.2d 264.
[4] William Murray Builders, Inc. v. City of Jacksonville (Fla.App. 1971), 254 So.2d 364.