CALHOUN, JAMES P., Associate Judge.
When appellee acquired title to a tract of land in Pinellas County, it was zoned C-2, Commercial, General Retail and Limited Services District. Existing zoning regulations permitted use of the property for travel trailer parks.
Thereafter, on September 7, 1971, appellant amended its zoning regulations by adding a new classification: C-R, Commercial Recreation, which was specifically designed to provide for travel trailer parks which were deleted as a permitted use in C-2 zoning districts. Appellee’s land continued in C-2 zoning. Also on September 7, 1971, the Board of County Commissioners of Pinnellas County approved appellee’s request to construct a travel trailer park on the tract. Appellee previously had commenced efforts to develop such a park prior to the change of classification, and had filed a site plan in accordance with C-2 zoning requirements.
On September 14, 1971, the Board approved a resolution requiring that site plans of all trailer parks which remained in C-2 zoning districts be submitted- for approval and that these plans conform to C-R regulations.
On March 21, 1972, the Board rejected appellee’s final site plan for failure to meet the requirements of C-R regulations.
Appellee sought declaratory relief and the lower court rendered judgment on the pleadings, directing appellant to issue ap-pellee a permit to construct the travel trailer park.
Appellant contends that an affirmative defense in its answer that the amended zoning requirements were “directly related to the health, safety, and welfare of the inhabitants of Pinellas County” raised a material issue of fact necessitating a trial.
(1) A motion for judgment on the pleadings in favor of the plaintiff should not be granted where the answer raises issues of fact for the court’s determination. Safety Harbor v. Pinellas County, Fla.App., 218 So.2d 528. A1A Mobile Home Park, Inc. v. Brevard County, Fla.App., 246 So.2d 126.
(2) In a motion for judgment on the pleadings, movant is deemed to have admitted, for purposes of the motion only, all facts well pleaded by his adversary. 25 Florida Jurisprudence, Pleadings, Sec. 129.
 (3) The right of an owner to the free use of his property may be regulated by the legitimate exercise of the police power. When such power is so asserted fairly and impartially in the interest of the public health, safety, morals or general welfare, the courts will not substitute their judgment for that of the public officers charged with a duty concerning such matters unless it clearly appears that their actions have no just foundation in reason or necessity. William Murray Builders, Inc. v. City of Jacksonville, Fla.App., 254 So.2d 364.
(4) The Board of County Commissioners is responsible for legitimate land use regulation in Pinellas County. Appellant, having the burden to establish that such regulation is asserted fairly and impartially in the public interest, is entitled to a determination of the factual issues asserted in the answer.
Accordingly, the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
McNULTY, J., concurs.
LILES, A. C. J., concurs in conclusion only.