309 So.2d 212 (1975)
TOWN OF HIALEAH GARDENS et al., Appellants,
v.
HEBRAICA COMMUNITY CENTER, INC., a Florida Corporation Not for Profit, Appellee.
No. 73-1423.
District Court of Appeal of Florida, Third District.
March 11, 1975.
*213 Horton, Perse & Ginsberg, William H. Peeples, Miami, for appellants.
Sepler & Sussman and Irma V. Hernandez, Hialeah, for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PEARSON, Judge.
The Town of Hialeah Gardens appeals an order granting a petition for writ of certiorari filed by the appellee, Hebraica Community Center, Inc. The petition for certiorari sought review of the action of the Town in denying rezoning of a large portion of the property located within its geographic limits. The trial court, in granting the petition for certiorari, ordered and directed that the Town "grant the said re-zoning as prayed for in the application of the Petitioner and that the Defendants are enjoined from denying the Petitioner the use as to the subject property contrary to the requirements of the Writ of Certiorari."
The controversy began when Hebraica Community Center, Inc., filed an application to have a large area owned by several different persons, all of whom had joined in the Community Center project, rezoned from single family residence to permit the construction of a club complex. At the first hearing before the town council, the application for rezoning was approved subject to receiving complete plans before the second and third readings. At the second hearing, the petition for rezoning was tabled for sixty days pending the filing of an exact description of what the end result of the project would be, that is, "everything down in black and white exactly what you're going to give us, how much park and the whole business." The rezoning was denied at an emotional Town Council meeting where the charge was made by the petitioner that he was being denied rezoning because the Community Center was owned by members of minority groups.
Hebraica Community Center filed a combined "petition for writ of certiorari and suit for injunction and declaratory relief" against the Town seeking to review the denial of the rezoning. After a hearing, the circuit judge entered the order which has been described and is here appealed.
On this appeal, the Town urges primarily that the petitioner in the trial court did not sustain the burden of demonstrating that the zoning issue was not fairly debatable. It is clear that a trial court *214 should not order a particular zoning where that zoning is fairly debatable. See City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493; Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108; City of Miami v. Zorovich, Fla.App. 1967, 195 So.2d 31. A party attacking a zoning ordinance or a refusal to rezone has the burden to show that the zoning issue is not fairly debatable. See Metropolitan Dade County v. Kanter, Fla.App. 1967, 200 So.2d 624 and authorities cited therein. As the Supreme Court of Florida has pointed out, zoning is basically a legislative function and the court should enter the area only where the actions of the zoning authority are so unreasonable and unjustified as to amount to a confiscation of property. See City of Miami Beach v. Weiss, Fla. 1969, 217 So.2d 836.
The record of the proceedings before the Town council which was acted upon by the trial court, shows that the rezoned area would be placed in the center of a primarily residential area and would violate the comprehensive zoning plan of the Town. The trial judge found that the rezoning was desirable. In stating the reasons for his decision, he set forth:
"There are recreational fields, which are buffer zones between condominiums, or townhouses, or any other structures that may go up, affecting, for instance, the Mayor's land. He has not only a thousand feet to the outer perimeter of this property, but he has also got recreational fields, a basketball field, et cetera, before they ever get to the building, so he is perhaps another thousand feet away, which is quite a distance away.
"So I honestly can't conceive of any objection to this property.
"Now, on the other side of the coin, I can see that it can do a lot of good for a lot of people; environmentally, as I say, with the lakes; healthwise, for recreation facilities for people.
"And I recognize, also, that not all of the recreation will be engaged in by members of the Town of Hialeah Gardens; that many of the people, as this genetleman pointed out, might come from the county; maybe people who live in Coral Gables will be members of the club, and they will get the benefits of the exercise out there. But there will be a tremendous number of people who live in the Hialeah Gardens area. And I am anticipating, as I say, that Sepler's property and other property around there will be occupied by people who want to join this club and be in close proximity to the club, so that you will have Hialeah Garden people who will be getting the advantages of this club, even though it may be on a private country club basis.
* * * * * *
"In view of these statements I have made, I believe that the plaintiffs are entitled to the rezoning or variance requested, and that they be permitted to erect their complex."
The fact that a landowner proposes a good and reasonable use of his property that is consistent with public welfare does not necessarily mean that the present zoning is defective. The right to zone arises out of the police power and when it is shown that it has a reasonable basis in its relationship to public health, safety, morals and general welfare, a different zoning may not be directed because it is in the opinion of the courts more desirable. Cf. City of St. Petersburg v. Aikin, Fla. 1968, 217 So.2d 315 and Watson v. Mayflower Property, Inc., Fla.App. 1969, 223 So.2d 368.
We hold that the conclusion of the trial judge that the Town must rezone its property in order to make way for this worthwhile project is not proper. Under the division of powers as pointed out by the Supreme Court of Florida in the St. Petersburg case:
"The determination that `plaintiff' [sic] desired use of the land would not be an *215 unreasonable use' is in our opinion irrelevant, as is the reference to the question of whether `the use sought is consistent and compatible with the health, safety, morals and welfare of the general public.' The recited evidence, confirmed by our study of the record, clearly shows that the plaintiffs in this case failed in proof of the primary point in issue, i.e. that the existing ordinance was confiscatory in effect." City of St. Petersburg v. Aikin, Fla. 1968, 217 So.2d 315, 317.
The ugly specter of discrimination against minority ethnic groups has been raised by the appellees in this case. We certainly agree that where it appears that a governmental body has acted in an unconstitutional manner that the courts have the power to quash such action. See Burritt v. Harris, Fla. 1965, 172 So.2d 820. Acting upon the suggestion of appellee that the motives of the councilmen may be, in these circumstances, suspect, we have examined the record before the Town Council in order to determine whether it appears that the action was unconstitutional. We find that while, as in many public gatherings, the exchange between the participants may suggest improper motives, there is no showing in this record that the action of the Town Council was based upon discrimination.
Accordingly, the judgment granting the petition for certiorari is reversed and the cause is remanded with directions to dismiss the petition.
Reversed and remanded.
GREEN, ROBERT A., Jr., Associate Judge (dissenting).
I dissent. A reading of this record indicates that the rezoning was denied by the appellee for the following reasons:
(1) The owners and participants would be primarily people of Jewish and Cuban descent;
(2) The improvements would not be dedicated for public use  that is to say, for the use of all of the town's people without exception; and
(3) That the petitioners Hebraica did not offer sufficient "consideration" to the town council in return for the requested zoning change. (The consideration implicitly referred to is the agreement to dedicate certain land for use as parks and the dedication of streets and paving.)
Based on this record, it appears to me that while the petition for zoning change did not request zoning that was contrary to the approved land use plan for the town, it's denial was based on considerations completely alien to the plan. It's denial was based on the minority group seeking the change, the fact that the improvements made would not be useable by the people of the town in general in their totality and that the "ante" was not sufficiently high by the petitioners for favorable consideration.
Based on the totality of the evidence as presented, I would vote to affirm the action of the trial judge granting the writ of certiorari and ordering that the petition for rezoning be granted.