364 So.2d 31 (1978)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
FLORIDA MINING AND MATERIALS CORPORATION, a Florida Corporation, Appellee.
No. 77-1223.
District Court of Appeal of Florida, Third District.
October 17, 1978.
Rehearing Denied December 6, 1978.
Stuart L. Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellant.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Ray H. Pearson, Miami, for appellee.
Before HENDRY and BARKDULL, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
Dade County, respondent in the trial court, appeals an order granting the appellee's petition for writ of certiorari and directing the County to grant an unusual use and variance allowing the appellee to commence proposed mining activities.
The order recites the facts out of which the litigation arose, and reads as follows:
* * * * * *
"THIS CAUSE came on to be heard before this Court on April 22, 1977, upon Petition for Writ of Certiorari filed by FLORIDA MINING & MATERIALS CORPORATION (hereinafter `FLORIDA MINING'). This Court has considered *32 the briefs, the Record and oral argument of the attorneys representing the parties, and after full consideration, grants the Petition for Writ of Certiorari.

"BACKGROUND AND FINDINGS OF FACT
"In March 1973, FLORIDA MINING acquired approximately 566 acres of land in Section 14, Township 55 South, Range 38 East, Dade County, Florida for the purpose of mining construction aggregates. This land is located in an undeveloped portion of far western Dade County, approximately one mile west of Krome Avenue (S.W. 177th Avenue) and one mile south of the Tamiami Trail (S.W. 8th Street). The land is within the environmental sensitivity sub-zone (ES-2) known as the Shark River Slough which is part of the East Everglades Moratorium Area pursuant to the Comprehensive Development Master Plan for Metropolitan Dade County (hereinafter referred to as `MASTER PLAN').
"FLORIDA MINING requested an unusual use and variance so that it could utilize its property for its proposed `Reclamation Concept' (mining). The Zoning Appeals Board denied FLORIDA MINING's Petition for the unusual use and variance in Resolution No. 4-ZAB-199-76 and FLORIDA MINING presented its Petition and appeal from the Zoning Appeals Board decision to the County Commission for Metropolitan Dade County, Florida. The Petition for an unusual use and variance was denied with prejudice by the County Commission on October 26, 1976 in Resolution No. Z-302-76. The denial with prejudice by the County Commission constitutes the final administrative hearing and was the appropriate precedent to the filing of a Petition for Writ of Certiorari with this Court.
"FLORIDA MINING's reclamation concept prepared by Milo Smith & Associates, Inc., would allow four lake excavations in conjunction with rock mining activities to be conducted on the land for a period of approximately 10 to 15 years. This proposal is essentially identical to the uses being made of adjacent land and more particularly sections 24, 25, 26, 36 of the same township. These sections are owned by General Portland Cement which has been permitted by the County Commission to mine similar construction aggregates and remodel and expand its existing cement plant in the area. The County Commission allowed General Portland Cement to conduct these activities in Resolution No. Z-114-75 dated April 23, 1975, which was adopted subsequent to the adoption of the MASTER PLAN (as admitted by counsel for the County during the hearing). Additionally, an unusual use permit was granted by the same Resolution to allow an excavation on section 26 for mining aggregate materials similar to those which are the subject of FLORIDA MINING's reclamation concept.
"As part of the Record in this case and as part of its presentation before the appropriate County authorities, FLORIDA MINING presented expert testimony showing that the proposed reclamation concept would not have a significant adverse environmental effect upon the water quality of the area. Significantly, FLORIDA MINING (through its project designer, Milo Smith & Associates, Inc.) employed Dr. J.H. Sullivan, currently of Water & Air Research, Inc., to analyze the environmental effects of the proposed reclamation concept. Dr. Sullivan was formerly the team leader and principal author of the East Everglades Moratorium Study, which has been incorporated into the MASTER PLAN and which study provided the basis for zoning the area of land in question as an environmental sensitivity sub-zone.
"Dr. Sullivan and FLORIDA MINING presented evidence in the form of testimony and exhibits at the County Commission hearing regarding the environmental impact on the water quality of the proposed reclamation concept. Dr. Sullivan also concluded that based upon his studies, analysis and expertise, the proposed mining activity would produce *33 no significant impact on water quality in the Biscayne Aquifer. Additionally, Dr. Sullivan pointed out that the project would have little or no effect on the sheet flow of water as it passes the subject property because levies and canals to the north and east of the project, built by various governmental authorities, had already almost completely halted and sheet flow. Also, the mined out area would present no impairment to the flow since it creates no significant barrier.
"The zoning guidelines for the subject property prohibit paved surfaces, roadbeds and structures, and suggest passive recreational activities as an appropriate use for the land in question. Although the County has suggested that the land could be used for five acre homesites, this Court finds that the prohibition of roads and structures negates this possibility.
"The main objections raised in the Record by the County to the project were that it did not conform with the present zoning and did not meet the environmental requirements of this particular sub-zone.
"CONCLUSIONS OF LAW
"The review of zoning matters via a Petition for Writ of Certiorari in Dade County is a quasi judicial function. Dade County vs. Marca, 326 So.2d 182 [183] (Fla. 1976); Centex Home Corp. vs. Metropolitan Dade County, 318 So.2d 149 (3 DCA 1975); Dade County vs. Metro Improvement Corp., 190 So.2d 202 (3 DCA 1966); Dade County vs. Carmichael, 165 So.2d 227 (3 DCA 1964); Baker vs. Metropolitan Dade County, 237 So.2d 201 (3 DCA 1970). This Court cannot substitute its judgment as to the proper zoning for that of the zoning authority, but can only review the applicable zoning to see whether it is arbitrary, capricious, unreasonable or amounts to a confiscation of the subject property. Town of Hialeah Gardens vs. Hebraica Community Center, Inc., 309 So.2d 212 (3 DCA 1975); and William Murray Builders, Inc., vs. City of Jacksonville, 254 So.2d 365 [364] (1 DCA Fla. 1971). There must be substantial competent evidence in the record to establish that the zoning matter is fairly debatable in order to sustain the present zoning. Shaughnessy vs. Metropolitan Dade County, 238 So.2d 466 (3 DCA 1970). Accordingly, the Court makes the following independent conclusions of law:
"1. Because Dade County has permitted mining activities essentially identical to that proposed by the Petitioner on nearby tracts of land even after the adoption of the MASTER PLAN, which prohibited such activities in the subject area, the Court finds that the County has acted in an arbitrary, capricious, discriminatory and unreasonable manner in refusing to grant the variance and unusual use.
"2. This Court finds that there was no substantial competent evidence in the record to support the denial of the unusual use and variance and the classification is not fairly debatable. Although the County presented objections to the granting of the unusual use and variance, the mere existence of a disagreement between the Petitioner and the County does not mean that the zoning matter is fairly debatable and immune to judicial reversal. G.M. Davis vs. Situs, Inc., 275 So.2d 600 (1 DCA 1973).
"3. Because the present zoning of the property allows uses such as passive recreation and prohibits roadbeds and structures, this Court holds that the present zoning is confiscatory, arbitrary and capricious in that it only allows uses of the land which are consistent with public ownership and not private ownership. See New Products Corp. vs. City of North Miami, [271] 371 So.2d 24 (3 DCA 1972). As such the present zoning denies the owner the beneficial use of the property which cannot be sustained. Forde vs. City of Miami Beach, [146 Fla. 676,] 1 So.2d 642 (1941).
"There is no dispute that Dade County may place reasonable restrictions on the use of property through its zoning powers. However, as to this property those restrictions are, as a whole, unreasonable, discriminatory, arbitrary and capricious. They have no reasonable basis in the police *34 power and are an unconstitutional taking of private property.
"RELIEF GRANTED
"Accordingly, it is
"ORDERED and ADJUDGED as follows:
"1. The Petition for a Writ of Certiorari is granted and Dade County is directed to grant an unusual use and variance allowing the proposed mining activities to commence as set forth in the `Reclamation Concept', which is a part of this record.
"2. Upon proper application by the Petitioner, Dade County shall grant all other permits necessary to allow the mining excavations and operations to begin.
"3. This Court reserves jurisdiction for the purpose of enforcing this Order and taxing costs against Dade County."
* * * * * *
We reject the conclusions that the zoning, as applied to the property involved, was confiscatory or deprived the owner of any beneficial use. In this connection, see: Dade County v. Yumbo, S.A., 348 So.2d 392 (Fla. 3d DCA 1977); Moviematic Industries Corp. v. Board of County Commissioners of Metropolitan Dade County, 349 So.2d 667 (Fla. 3d DCA 1977).[1] However, we do sustain the trial court's finding that the denial of the variance or unusual use permit was discriminatory.
The various zoning classifications set forth in Chapter 33, Code of Metropolitan Dade County are silent as to the right or prohibition of mining or quarrying within the districts. The right to operate a quarry can only be obtained by the granting of an unusual use pursuant to Section 33-13, Code of Metropolitan Dade County. The granting or refusal thereof is to be determined by the facts of the individual case, viewed in light of the governing body's right to reasonably regulate mining operations under its police powers to advance the community's interest in health, safety, morals or welfare. Davidson County v. Rogers, 184 Tenn. 327, 198 S.W.2d 812 (1947); Anno. 10 A.L.R.3d 1226, 1250 & 7(a); Vol. 2, Anderson, Law of American Zoning (1968) & 11.64. The only absolute prohibition to the operation of a quarry within the confines of Dade County is found in the Comprehensive Development Master Plan wherein quarrying is prohibited in an area classified by the plan as an Environmental Sensitivity Zone. The Comprehensive Development Master Plan, as adopted by the County Commission, is a guide to future development in Dade County to be conformed with when applying for future development. Section 2-114, Code of Metropolitan Dade County. However, the Master Plan is not beyond being altered by the courts where, under the facts of a particular case, strict adherence to the Master Plan proves to be unreasonable, arbitrary and/or confiscatory.
In the instant case there is a plethora of evidence showing that the proposed use of the appellee's property would not constitute a land use detrimental to the public health, safety, welfare or morals. The proposed use is not so violative of the intent of the Master Plan so as to deprive the appellee of its requested use. This was apparently recognized by the appellant when, shortly after adoption of the Master Plan (while it was still fresh in their minds) it granted similar unusual uses to other properties immediately to the northwest, south, and east of the appellee's property. Therefore, it was an arbitrary and unreasonable act for the County to deny the relief sought, and the action of the trial court in granting the writ of certiorari on this ground is affirmed.
Affirmed.
NOTES
[1] It is to be noted that these cases were decided subsequent to the entry of the order appealed.