## SOUTHERN INTERNATIONAL CORPORATION v METROPOLITAN DADE COUNTY ENVIRONMENTAL QUALITY CONTROL BOARD

Case No. 85-006-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

November 4, 1985

### APPEARANCES OF COUNSEL

**Arnold Nevins** for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Peter S. Tell,** Assistant County Attorney, for appellee.

Before BARAD, SNYDER, MASTOS, JJ.

### OPINION OF THE COURT

REVERSED.

By Appeal we are asked to review a Final Order of the Metropolitan Dade County Environmental Quality Control Board which denied a variance to the Appellant on the grounds that ". . . the petitioner failed to affirmatively establish by competent factual data and information that the variance requested would not be detrimental to the public

health, safety and welfare, and would not create a nuisance, and would not materially increase the level of pollution in this county; . . . ."

This Court finds that the above statement is not supported by the evidence of the record. This Court finds that the only evidence that was submitted to the Board (Appellee) was by Mr. Anthony Clemente, the Chairman of DERM and the Petitioner himself. Quoting from the record, TR, p. 50, MR. CLEMENTE: "No. We think that the sewage loading rates, the anticipated flow, is accurate. As far as the South Florida Building Code, we feel that environmentally, as far as allowable sewage loading rates, it is justifiable; and again, we also recognize that the Code has set up a variance procedure and the Board has granted variances in the past. That is for an area that was totally developed, and said request was one that was a minimum one that could be requested and that it is consistent with the existing construction or facilities in the area. Clearly, if this application was out in West Dade, in an undeveloped area, staff would recommend denial, but this is simply not the case. We can clearly see this is an area that is almost totally developed; and as such, we need sewers; or the impact of this additional facility in this area, we don't feel is going to cause any detriment to the general public's well being to the environment particularly."

For reasons set forth herein, we reverse the decision of the Metropolitan Dade County Environmental Quality Control Board and grant the variance requested by the Appellant before the foregoing Board. *Dade County v. Florida Mining and Materials Corporation*, 364 So.2d 31 (Fla. 1978), *Nance v. Town of Indialantic*, 419 So.2d 1041 (Fla. 1982).

REVERSED.