593 So.2d 1143 (1992)
MONROE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Florentino GONZALEZ, Appellee.
No. 91-2457.
District Court of Appeal of Florida, Third District.
February 11, 1992.
Rehearing Denied March 24, 1992.
Mark Graham Hanson and Raul Aguila, Asst. County Attys., Key West, for appellant.
Mattson & Tobin and James Mattson and Andrew M. Tobin, Key Largo, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
PER CURIAM.
Monroe County appeals an adverse nonfinal order determining the issue of liability in an inverse condemnation matter. The order reads in pertinent part as follows:
"The court finds that § 9.5-262 (Maximum Residential Density and District Open Space) and § 9.5-343 (Open Space Requirements), Monroe County Code ("MCC"), as applied to plaintiff's property, are confiscatory and invalid. These *1144 regulations have reduced the fair market value of plaintiff's property to 5% of its fair market value prior to their implementation.
Plaintiff's property is a 0.4 acre lot, in an unrecorded subdivision, on Cook's Island, a 25-acre, unbridged, "offshore" island in the Florida Keys. Plaintiff's lot is on high ground about midway along the shoreline of the island. There are approximately 17 homes on the island and no other development. There are no roads on the island, and residents use generators for power and cisterns for potable water. Plaintiff purchased his lot in 1980 for $65,000. He paid $15,000 down and gave the seller a mortgage for $50,000. The balance on the mortgage is approximately $40,000. Before closing on the transaction, plaintiff required the seller to construct a dock and obtain a rezoning form General Use ("GU") to single-family Residential Use ("RU-1"). Both were accomplished. The dock was constructed and the property was rezoned RU-1. The RU-1 zoning was a legislative act of the Board of County Commissioners, and was not "spot-zoning." Zoning one lot RU-1, in the midst of single-family residential uses, is not spot-zoning. Plaintiff had a reasonable, investment-backed expectation of using his land for residential purposes prior to the adoption of these regulations.
Section 9.5-262 limits owners of property zoned "Offshore Island" ("OS"), such as plaintiff, to 1 residential dwelling unit ("DU") for every 10 acres of upland. The section also requires a minimum area of one-half acre of upland to construct one DU, if an owner transfers "development rights" from another 9.5 acres of OS uplands. Plaintiff owns only 4/10th of an acre of OS property. He cannot use it for residential purposes because of the density restriction of § 9.5-262, MCC.
Sections 9.5-262 and 9.5-343 require plaintiff to maintain 95% and 90% of his land, respectively, as "open space." Open space must be maintained in its natural state, which allows no clearing or construction thereon. Section 9.5-4(0-3), MCC. Monroe County's variance procedure cannot be used to reduce the "environmental" open space requirement of § 9.5-343, on the "district" open space requirement of § 9.5-262, so the minimum open space requirement applicable to plaintiff's property is 90%. The court finds that a 90% open space ratio, applied to plaintiff's land, deprives plaintiff of all reasonable, economic use of his property.
Plaintiff exhausted the only administrative remedy that could have provided him with complete relief, by petitioning the Board of County Commissioners for a rezoning. A rezoning to Improved Subdivision, which plaintiff sought, would have restored plaintiff's right to build a single-family home on his lot. Plaintiff's rezoning petition was denied prior to the filing of this action. The court finds that the other administrative remedy urged by the defendant, application for "beneficial use" pursuant to § 9.5-171, et seq., MCC, is not an adequate remedy for two reasons. First, the beneficial use provision only provides for relief which is "the minimum necessary to raise the investment-backed value of the property to forty (40) percent of its value immediately prior to the effective date" of the confiscatory regulations. The Fifth Amendment to the United States Constitution, and Art. X, § 6, of the Florida Constitution, require compensation in the amount of 100% of the fair market value, for its highest and best use, of property taken for public use, not 40%. Therefore, the court finds that the beneficial use provision of the Monroe County Code is not an adequate administrative remedy when property has been taken in contravention of the Just Compensation clauses of the United States and Florida Constitutions. Second, the beneficial use provision of the Monroe County Code requires a property owner to attempt to sell his property for 40% of its pre-regulation value, before he is eligible to apply for relief. Here plaintiff would be required to attempt to sell his property for less than the remaining mortgage indebtedness on the property. If successful, plaintiff *1145 would lose all of his investment in the property.
IT IS ADJUDGED that § 9.5-262 and 9.5-343, Monroe County Land Development Regulations, as applied to plaintiff's property, have taken plaintiff's property for a public purpose without just compensation, in contravention of the Taking Clause of the Fifth Amendment to the United States Constitution, and Art. X, § 6, of the Florida Constitution. The regulations, as applied, are invalid as an unreasonable exercise of the police power. Dade County v. National Bulk Carriers, 450 So.2d 213 (Fla. 1984). The United States Supreme Court's holding in First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 321, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), states:
"Once a court determines that a taking has occurred, the government retains the whole range of options already available  amendment of the regulation, withdrawal of the invalidated regulation, or exercise of eminent domain. First English, 107 S.Ct. at 2389."
THEREFORE, IT IS ORDERED that defendant notify this court within 30 days after the date of this order, how it intends to proceed in light of the court's invalidation of the subject regulations and the Supreme Court's opinion in First English, quoted above. Defendant shall have six months from the date of this order to provide public notice, conduct hearings, and carry out whatever action it has chosen."
The county has conceded the factual basis for the partial summary judgment, and that it would be a futile act to require the landowner to seek the administrative remedy which could not grant the relief sought. Therefore, there was no need for the property owner to exhaust this administrative remedy prior to going to court to seek relief from the confiscatory regulation. Deseret Ranches of Florida, Inc. v. State Dept. of Agriculture & Consumer Services, Div. of Animal Industry, 392 So.2d 1016 (Fla. 5th DCA 1981); Cook v. Di Domenico, 135 So.2d 245 (Fla. 3d DCA 1961); City of Holly Hill v. State ex rel. Gem Enterprises, Inc., 132 So.2d 29, 31 (Fla. 1st DCA 1961); Mayflower Property, Inc. v. City of Fort Lauderdale, 137 So.2d 849 (Fla. 2d DCA 1962).
The partial final judgment as to liability be and the same is hereby affirmed.
Affirmed.