383 So.2d 962 (1980)
E.T. LEGG AND Company, Petitioner,
v.
The Honorable Arthur FRANZA, Judge of the Circuit Court of the 17TH Judicial Circuit, in and for Broward County, Florida, Respondent.
E.T. LEGG AND COMPANY, Petitioner,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida, Respondent.
Nos. 80-537, 80-538.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
*963 Charles C. Papy, III of Papy, Poole, Weissenborn & Papy, Coral Gables, for petitioner.
Alan E. DeSerio, and Charles Gardner, Tallahassee, for respondents.
DOWNEY, Judge.
E.T. Legg & Company has filed petitions for writs of certiorari and mandamus, which we have consolidated for consideration.
The petitions reflect that petitioner is a licensed outdoor advertiser pursuant to Chapter 479, Florida Statutes (1979). On December 21, 1979, The Florida Department of Transportation, hereafter referred to as the D.O.T., filed a complaint with the State of Florida, Division of Administrative Hearings, seeking to have certain outdoor advertising signs owned by petitioner declared to be in violation of Chapter 479, Florida Statutes, and Section 14-10 of the Florida Advertising Code. In its answer the petitioner denied the signs were in violation of law and alleged the D.O.T. had no jurisdiction within an incorporated city to enforce any of the provisions of Chapter 479. Petitioner states that it became apparent that the constitutionality of the Chapter was the paramount issue involved and, since an administrative hearing officer could not pass on constitutional issues, petitioner filed suit in the circuit court for declaratory relief. Thereafter, in order to avoid a multiplicity of proceedings, petitioner requested the hearing officer to stay the administrative proceeding. When that request was denied petitioner sought review in this court by petitions for writs of prohibition and certiorari. Both of these petitions were denied without prejudice to seek relief in the circuit court. Petitioner then sought a stay of the administrative proceeding by the circuit court. The circuit court denied the motion for stay and retained jurisdiction of the petition for declaratory relief, but ruled that the court would proceed with the cause "only if the Fourth District Court of Appeal declines to make a ruling upon or to hear the constitutional issues rained (sic) by the Plaintiff in its Complaint for Declaratory Relief subsequent to the hearing before the Division of Administrative Hearings".
The D.O.T. contends that, since courts generally will not pass upon a constitutional question if the case can be decided upon other grounds, the petitioner should be required to proceed in the administrative tribunal and litigate all of the other defenses before resorting to the circuit court for adjudication of the constitutionality of the statute in question. This contention was answered adversely to the D.O.T. in Gulf Pines Memorial Park v. Oaklawn Memorial, 361 So.2d 695 (Fla. 1978), wherein the court stated:
For one thing, the question of "need" for a cemetery would never be reached if, as Oaklawn claims, Chapter 76-251 is either *964 unconstitutional or inapplicable. Since the administrative hearing officer lacks jurisdiction to consider constitutional issues, Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), it is pointless to require applicants to endure the time and expense of full administrative proceedings to demonstrate "need" before obtaining a judicial determination as to the validity of that statutory prerequisite. For another, the record here shows that Oaklawn did not attempt to avoid administrative remedies, but merely sought to have them delayed in a reasonable effort to seek a judicial declaration of rights that could not be obtained administratively. (Footnote omitted.) 361 So.2d at 699.
Thus, when a proper constitutional question has been raised the circuit court should proceed with the determination of that question and should stay the other issues pending before the hearing officer.
In view of the foregoing it appears to us that the petitions for writs of certiorari and mandamus should be granted, the circuit court case for declaratory relief should proceed, and the administrative proceeding should be stayed.
Accordingly, the petitions for writ of certiorari and mandamus are granted. The order of February 26, 1980, is quashed. The cause is remanded with directions that the trial court stay the administrative proceeding pending disposition of the suit for declaratory relief.
LETTS, C.J., and ANSTEAD, J., concur.