PER CURIAM.
Appellee tested appellant’s horses for the disease Equine Infectious Anemia (EIA), pursuant to Chapter 5C-18, Rules and Regulations of the State of Florida. One hundred twenty-four horses had positive reaction to this test and were quarantined. This caused appellant to institute the underlying action for declaratory and injunc-tive relief, alleging the rules pertaining to EIA are unconstitutional. Appellant also challenges section 585.671, Florida Statutes, as being an unlawful delegation of legislative authority to an administrative agency and an unlawful exercise of the state’s police power. There has been no showing that there exists an administrative remedy which could grant appellant the requested relief. Therefore, the doctrine that administrative remedies must first be exhausted does not apply. Cherry v. Bronson, 384 So.2d 169 (Fla. 5th DCA 1980). See E. T. Legg & Co. v. Franza, 383 So.2d 962 (Fla. 4th DCA 1980). It would be pointless to require appellant to endure the time and expense of a full administrative proceeding. Franza at 964. See Gulf Pines Memorial Park v. Oaklawn Memorial, 361 So.2d 695 (Fla.1978).
We quash the order dismissing appellant’s complaint and remand this matter to the trial court for further proceedings.
ORDER QUASHED AND REMANDED.
ORFINGER, COBB, JJ., and CLARK, HAROLD R., Associate Judge, concur.