DOWNEY, Judge.
These consolidated cases arose as a result of 2829 Corporation d/b/a Kit Kat Lounge’s (Kit Kat) being served on October 1, 1981, with an Emergency Order of Suspension of its alcoholic beverage license, which order was issued by the Director of the Division of Alcoholic Beverages & Tobacco, Department of Business Regulation/State of Florida (Division), pursuant to Sections 561.29 and 120.60(7), Florida Statutes (1981).
On October 2, 1981, three significant things happened. First, Kit Kat filed a notice of appeal for review of said order and a petition for automatic stay as provided in Section 120.68(3), Florida Statutes (1981). Second, the Division immediately countered with a petition to deny superse-deas. Third, this court entered an order that granted the Kit Kat petition for stay and denied the agency’s petition. In addition, this court’s order directed the parties to proceed with a hearing which had been scheduled for October 7,1981, pursuant to a rule to show cause served upon Kit Kat by the Division on October 1st.
Instead of holding the hearing on October 7th, Kit Kat demanded a formal administrative hearing, as provided by Section 120.-57, Florida Statutes (1981), which hearing was scheduled for October 27, 1981. Then, on or about October 9, 1981, Kit Kat filed a suit for declaratory and injunctive relief in the Circuit Court of Broward County, asserting therein, among other things, that Section 120.60 was unconstitutional. On October 19th the Division filed with this court a Petition to Vacate Automatic Stay. That petition summarized the allegations set forth in the Emergency Order of Suspension and asserted that those allegations
are of such a serious nature that they demonstrate a probable danger to health, safety and welfare if [Kit Kat] is allowed to continue operation past the prompt post suspension hearing on the merits which was afforded [Kit Kat] and which was continued by [Kit Kat’s] motion.
On October 27th this court entered an order denying the Division's October 19th Petition to Vacate Automatic Stay “without prejudice to renew after a decision on the October 28 [sic], 1981 hearing.” While the Petition to Vacate Automatic Stay was pending in this court, the circuit court on October 23,1981, issued a temporary injunction prohibiting further proceedings before the administrative agency pending resolution of constitutional issues raised in the declaratory judgment action. The Division then perfected an interlocutory appeal from the order granting the temporary injunction, and on November 6, 1981, we consolidated that appeal with the prior appeal from the order of suspension.
*541 From the foregoing it appears that on two occasions we have denied the Division’s efforts to vacate the stay of its suspension order so that a final administrative hearing could be held and the matter treated on the merits. However, although Kit Kat asked for such a hearing, no such hearing has yet been held, and Kit Kat has sought other relief in the circuit court.
Ordinarily, when a constitutional attack is made upon administrative proceedings, they should be stayed pending resolution of the validity of those proceedings. E. T. Legg & Co. v. Franza, 383 So.2d 962 (Fla. 4th DCA 1980). However, in the present case this court had already accepted jurisdiction of the administrative proceedings as a result of Kit Kat’s notice of appeal (which we treat as a petition for review pursuant to Section 120.68(1), Florida Statutes (1981)) to review the Order of Suspension and there was pending our order to proceed with the final administrative hearing of the matter. Thus, the circuit court was without jurisdiction to stay the very proceeding we directed the parties to hold. Accordingly, we reverse the order of the circuit court of October 23, 1981, which stays the final administrative hearing.
In a further effort to dispose of this matter in an orderly fashion, we direct the parties to proceed with the full administrative hearing that Kit Kat requested and, pending that hearing, we once again decline to vacate our order staying the order of suspension.
Since the constitutionality of Section 120.60(7), Florida Statutes (1981), can be raised for the first time in the District Court of Appeal (Bigler v. Department of Banking & Finance, 394 So.2d 989 (Fla.1981); Peoples Bank, Etc. v. State, Dept. of B. & F., 395 So.2d 521 (Fla.1981)), we believe the constitutional issues raised in the circuit court proceeding should be stayed and those issues may be raised by Kit Kat in this court, if, as, and when an appeal is taken to this court from the final agency action on the suspension order.
Accordingly, the temporary injunctive order of October 23,1981, issued by the circuit court is reversed and the constitutional issues raised by Kit Kat in the circuit court are hereby stayed pending eventual resolution thereof in this court should such issues be presented to us. The parties are directed to proceed with the final administrative hearing on the suspension order within 30 days from date of this opinion. Finally, the pending agency amended petition to vacate this court’s stay of the order of suspension is denied without prejudice to the Division’s filing a future application for an order of vacation.
BERANEK and GLICKSTEIN, JJ., concur.