PER CURIAM.
These consolidated cases arose as a result of 19838 NW, Inc., d/b/a Sportsman Lounge’s (Sportsman) being served on October 1, 1981, with an Emergency Order of Suspension of its alcoholic beverage license, which order was issued by the Director of the Division of Alcoholic Beverages & Tobacco, Department of Business Regulation, State of Florida (Division), pursuant to Sections 561.29 and 120.60(7), Florida Statutes (1981).
On October 2, 1981, three significant things happened. First, Sportsman filed a notice of appeal for review of said order and a petition for automatic stay as provided in Section 120.68(3), Florida Statutes (1981). Second, the Division immediately countered with a petition to deny superse-deas. Third, this court entered an order that granted the Sportsman petition for stay and denied the agency’s petition. In addition, this court’s order directed the parties to proceed with a hearing which had been scheduled for October 6, 1981, pursuant to a rule to show cause served upon Sportsman by the Division on October 1st.
Instead of holding the hearing on October 6th, Sportsman demanded a formal administrative hearing, pursuant to Rule 28-5.201 and 28-6.09, Florida Administrative Code, which hearing was scheduled for October 21 and 22, 1981. Prior to the scheduled hearing, Sportsman filed a suit for declaratory and injunctive relief in the Circuit Court of Broward County, asserting therein, among other things, that Section 120.60 was unconstitutional. On October 21,1981, the circuit court entered a temporary stay of administrative proceedings — specifically the hearing set for that date. Thereafter, the circuit court on November 13, 1981, issued an order staying administrative procedures pending resolution of constitutional issues raised in the declaratory judgment action. The Division then perfected an interlocutory appeal from the order granting the temporary injunction, and we consolidated that appeal with the prior appeal from the order of suspension.
From the foregoing it appears that we have denied the Division’s efforts to vacate the stay of its suspension order so that a final administrative hearing could be held and the matter treated on the merits. However, although Sportsman asked for such a hearing, no such hearing has yet been held, and Sportsman has sought other relief in the circuit court.
Ordinarily, when a constitutional attack is made upon administrative proceedings, they should be stayed pending resolution of the validity of those proceedings. E. T. Legg & Co. v. Franza, 383 So.2d 962 (Fla. 4th DCA 1980). However, in the present case this court had already accepted jurisdiction of the administrative proceedings as a result of Sportsman’s notice of appeal (which we treat as a petition for review pursuant to Section 120.68(1), Florida Statutes (1981)), to review the Order of Suspension and there was pending our order to proceed with the final administrative hearing of the matter. Thus, the circuit court was without jurisdiction to stay the very proceeding we directed the parties to hold. Accordingly, we reverse the order of the circuit court of November 13, 1981, which stays the final administrative hearing.
In a further effort to dispose of this matter in an orderly fashion, we direct the parties to proceed with the full administrative hearing that Sportsman requested.
Since the constitutionality of Section 120.60(7), Florida Statutes (1981) can be raised for the first time in the District Court of Appeal (Bigler v. Department of Banking & Finance, 394 So.2d 989 (Fla.1981); Peoples Bank, Etc. v. State, Dept. of B. & F., 395 So.2d 521 (Fla.1981)), we believe the constitutional issues raised in the circuit court proceeding should be stayed and those issues may be raised by Sportsman in this court, if, as, and when an appeal is taken to this court from the final agency action on the suspension order.
*969 Accordingly, the order of November 13, 1981, issued by the circuit court is reversed and the constitutional issues raised by Sportsman in the circuit court are hereby stayed pending eventual resolution thereof in this court should such issues be presented to us. The parties are directed to proceed with the final administrative hearing on the suspension order within 30 days from date of this opinion.
DOWNEY, BERANEK and GLICK-STEIN, JJ., concur.