LETTS, Judge.
Dyna Span Corporation filed petitions of writs of mandamus and prohibition.
The petitions reflect that the Department of Insurance filed an administrative complaint against Dyna Span for transacting insurance as an agent for an unauthorized insured in violation of section 626.901(1), Florida Statutes (1985). Thereafter, Dyna Span brought an action against the Department of Insurance in the circuit court seeking declaratory and injunctive relief. The complaint alleged that federal law preempted the statute relied on by the Department of Insurance and as such, the filing of the administrative complaint is unconstitutional as violative of the supremacy clause of the United States Constitution. Because the trial court decided not to consider the constitutional issues, Dyna Span filed petitions for mandamus against the circuit court and for prohibition against the administrative hearing officer in this court. We grant these petitions.
The relevant issue is whether the circuit court must address the constitutional question of federal preemption. In E.T. Legg & Co. v. Franza, 383 So.2d 962 (Fla. 4th DCA 1980), a case with facts similar to the case sub judice, this court held that when a party raises a proper constitutional question, the circuit court should proceed with the determination of that issue and stay the administrative proceeding. In view of the gravity of the issue before the circuit court, we conclude that the circuit court should proceed with a determination of that question prior to the administrative proceeding.
Accordingly, we grant the petition for mandamus and note that the Department of Insurance should be allowed to intervene in this matter. We also grant the petition *308 for prohibition staying the administrative hearing until the circuit court disposes of the constitutional issues.
ANSTEAD and GUNTHER, JJ., concur.