282 So.2d 181 (1973)
MOBILE AMERICA CORPORATION, INC., Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.
No. R-130.
District Court of Appeal of Florida, First District.
May 24, 1973.
Rehearing Denied September 11, 1973.
*182 Hugh M. Davenport of Greene, Greene, Smith & Davenport, Jacksonville, for appellant.
Harold B. Wahl of Loftin & Wahl, Nathan H. Wilson, Jacksonville, John A. Boykin, Jr., William D. Goddard, Atlanta, Ga., for appellee.
Hugh C. Macfarlane, of Macfarlane, Ferguson, Allison & Kelly, Tampa, D. Fred McMullen, Lee L. Willis, of Ausley, Ausley, McMullen, McGehee & Carothers, Edwin L. Mason, of Mason & Erwin, Tallahassee, J. Thomas Gurney, Jr., of Gurney, Gurney & Handley and M.W. Wells of Maguire, Voorhis & Wells, Orlando, for amicus curiae.
JOHNSON, Judge.
Appellant appeals from an order dismissing its amended complaint.
In the amended complaint, we find the following paragraphs of count 1, to wit:
"4. By reason of the provisions of Section 364.03, Florida Statutes (1969), Defendant is required to provide its service in a prompt, expeditious and efficient manner, and its facilities, instrumentalities and equipment are required to be safe, kept in good condition and repair, and its appliances, instrumentalities and service shall be modern, adequate, sufficient and efficient.
"5. Notwithstanding this, Defendant failed to furnish service in a prompt, expeditious and efficient manner during November and December of 1971 because its facilities and equipment were not in good condition and repair and its appliances, instrumentalities and service were antiquated, inadequate, insufficient or inefficient in that incoming calls did not get through, incoming calls were cut off during conversation, incoming calls received a busy signal although the lines were not busy, incoming callers were informed that the phone had been disconnected, calls placed on `hold' were cut off, and it was at times impossible to dial outgoing calls.
"6. Plaintiff is in the business of providing financing for mobile home sales and telephonic communications are an important adjunct of its business, without which it loses profits. The telephone service furnished to Plaintiff by Defendant has been inadequate, as alleged in Paragraph 5 above, and although Plaintiff repeatedly complained of such condition to Defendant, Defendant failed and refused to correct same during the period of time above mentioned.
"7. By reason of said inadequate telephone service, as alleged, Plaintiff has been unable to adequately communicate with his customers to arrange such mobile home financing as a result of which Plaintiff has lost profits it otherwise would have earned."
*183 In its order dismissing the amended complaint, the trial court quoted paragraphs 4 and 5, supra, as being the material substance of the complaint and, after citing many cases and the statute regulating telephone companies, granted a motion to dismiss on the theory that the Florida Public Service Commission had exclusive jurisdiction in exercising the various functions described in F.S. Chapter 364, F.S.A. We agree with the trial court in this state-the statute wherein the Board is authorized ment of the statute, but we do not find in to fix and adjudicate damages for negligence on the part of the telephone company or for damages resulting from the telephone company's failure to comply with F.S. § 364.03, F.S.A.
In the amended complaint, the plaintiff was not seeking future compliance with the statute. It was seeking redress from alleged losses which had already accrued as the result of defendant's negligence. The plaintiff was not, under the circumstances stated here, required to pursue administrative remedies before resorting to the court where such remedies would be of no avail.[1] The Board having no authority to fix and assess damages under the facts of this case, further pursuit of administrative relief would not have availed anything.
The plaintiff may have trouble trying to tie down the alleged damages to any negligence on the part of the defendant, but we think, and so hold, that count 1 of the amended complaint, including paragraphs 4, 5, 6 and 7, states a cause of action cognizable by the courts in this case.
The order dismissing the amended complaint is quashed and reversed and the amended complaint reinstated.
Reversed and remanded.
SPECTOR, C.J., and RAWLS, J., concur.

ON PETITION FOR REHEARING
JOHNSON, Judge.
This matter is before this Court again upon a Petition for Rehearing filed by the defendant-appellee.
We have studied the petition and its allegations as to why this Court should reconsider its opinion rendered in this case, and we particularly note ground 5 thereof, wherein the appellee admits the possibility that the dismissal of appellant's complaint by the trial court might have been the wrong technique and that the trial court should merely have stayed the plaintiff's action, pending the exercise of the Commission's primary jurisdiction. We do not find that primary jurisdiction in a tort action rests in the Commission. In the recent case of Cole v. Southern Bell Telephone & Telegraph Company, 221 So.2d 200, 201 (Fla.App.3rd, 1969), which case is cited by appellee as support for the petition for rehearing, the Third District Court, in affirming the trial court's order dismissing the class party complaint, added: "... said affirmance is without prejudice to the plaintiff instituting such action as she might have for any illegally collected rate." Thus the Florida Courts have recognized that the Commission is not the exclusive tribunal when the action involves a tort for damages which have heretofore accrued from negligence or failure to meet statutory obligations.
From a careful study of Chapter 364, Florida Statutes, F.S.A., it appears that the legislative intent in fixing the regulatory powers of the Public Service Commission was to regulate the rate structure and operating conditions. All of these powers are prospective in nature, with only retrospective power to determine whether or not a rule or regulation promulgated by the Commission has been violated.
There are a number of cases from other jurisdictions involving personal actions *184 against telephone companies for personal injuries and for negligence.
In Michigan, the Supreme Court said in Muskegon Agency, Inc. v. General Telephone Company of Michigan, 340 Mich. 472, 65 N.W.2d 748 (1954) the following:
"... an administrative agency, vested with quasi-judicial as well as quasi-legislative powers, can act upon complaints properly filed and accord a hearing to all parties. The jurisdiction of the public service commission under the statutory provisions is broad and comprehensive. Yet that jurisdiction has generally been prospective in operation. However, it is not a proper tribunal to decide a controversy after damage has been inflicted. This is a civil action to recover damages for breach of contract or for negligence. The Commission has no jurisdiction to award plaintiff damages or to reimburse plaintiff for its losses. Only a court, in accordance with due process, can constitutionally award damages in a civil action."
Also in the case of Valentine v. Michigan Bell Telephone Company, 388 Mich. 19, 199 N.W.2d 182 (1972), we find the following language:
"The jurisdiction of the Public Service Commission is primarily prospective  a matter of promulgating regulations and setting rates. Its tariffs and regulations, if applicable, control as to the rights of the parties. The courts are primarily concerned with affording remedies for actions that have taken place. A claim that sets forth facts showing a plaintiff suffered damage as a result of a violation of the tariffs and regulations can be entertained by a court of general jurisdiction, or a claim in tort that sets forth facts which would constitute tortious conduct to the injury and damage of the claimant can also be filed in a court of general jurisdiction."
A goodly number of telephone companies have attempted to intervene by way of suggestion to certify to the Florida Supreme Court. In these instruments it is pointed out that in Chapter 364, Florida Statutes, the Florida Public Service Commission is vested with primary jurisdicton over telephone companies. We agree with this statement of law, but we are not dealing with a regulation for prospective service or operation. We have not been cited one case by the appellees nor has our own research uncovered any case on all fours with the facts in the case sub judice. The recent case from the Circuit Court of Dade County, Florida, Moss v. Southern Bell Telephone & Telegraph Company[1], is not authority for the contention of appellee. The prompt, expeditious, efficient service mentioned in the statutes and cases cited deal with service and rates, but none of these cases treat a tort resulting from negligence for specified times in the past in which damages accrued. Much has been said about the probability of voluminous litigation resulting if our opinion is let to stand. We think this is one of the reasons our opinion should stand. If the telephone company has violated the statutes or regulations, resulting in damages, and if the telephone company wishes to defend against its own negligence, it can still bring in the expertise of the Commission, if the telephone companies are free from fault so as not to be afraid to follow this line of defense.
Subsequent to the filing of its petition for rehearing, appellee submitted additional authority which it contends stands for the proposition advanced by it, i.e., that matters relating to or stemming from a public telephone company's obligation to furnish telephone service to the public or the sufficiency of the manner in which such service is performed or provided are all matters coming within the exclusive jurisdiction of the Public Service Commission. We have reviewed those cases and agree that they *185 do stand for the proposition that the enumerated matters are within the Public Service Commission's regulatory and supervisory authority. Among the cases cited by appellee is Grever v. Idaho Telephone Company, 94 Idaho 900, 499 P.2d 1256. In Grever, the owner of a resort lodge sued for a writ of mandate to compel the telephone company to provide service. Grever's predecessor in ownership apparently had been provided telephone service, but that service was discontinued pursuant to an agreement between Grever's predecessor and the telephone company. Some several years later after Grever had acquired the lodge, the telephone company not only refused to provide service but removed its lines and facilities from the lodge's premises and refused to restore service unless Grever paid a $3,000.00 fee as a condition precedent to restoring service.
The Idaho court held that this was a matter lying within the jurisdiction of that state's Public Utilities Commission and that the action was required to be initiated before the agency. We do not quarrel with the Grever decision. In the case at bar, had the dispute between appellant and appellee been one wherein appellant as a subscriber had been denied telephone service or its dispute related to the rates being charged or, indeed, even if appellant were seeking merely improved telephone service, then in such circumstances, appellant's remedy would be before the Public Service Commission as indicated by the authority cited by appellee. However, the remedy sought by appellant in this case is one for damages arising out of the negligent manner in which the appellee has provided services in the past.
Appellee also cites Driscoll v. New York Telephone Company, 70 Misc.2d 377, 334 N.Y.S.2d 97. In that case, the plaintiff, a telephone subscriber, sought damages arising out of the defendant telephone company's gross negligence, willful misconduct and failure to render minimal service, as well as other relief. Among the latter claims for relief was an injunction to restrain the telephone company from discontinuing plaintiff's telephone service. Also sought was an injunction to restrain the telephone company from attempting to recover certain overcharges. The court held that the injunctive relief sought could not be tendered initially to the court. These were matters clearly within the jurisdiction of the regulatory agency and hence were subject to its jurisdiction. The Driscoll court stated at page 99:
"A long line of cases has established the principle that questions as to the adequacy of telephone service are subject to the `primary administrative jurisdiction' of the Public Service Commission vested by the Public Service Law with the duty of supervising the business of the telephone company and the service rendered by it. The prime consideration in declining judicial intervention is whether the Commission can provide the subscriber with an adequate remedy and the gravamen of the complaint relates to matters primarily and uniquely within the jurisdiction and expertise of the Commission which the Court would be usurping were it initially to pass on such allegations."
Although the court in Driscoll, refused to permit matters concerning the adequacy of telephone service to be submitted initially to the court, nonetheless it upheld the plaintiff's claim for damages arising from the defendant telephone company's alleged gross negligence, willful misconduct or failure to render minimal service. The court stated at page 102: "Plaintiff's only remedy for gross negligence and willful misconduct is by action at law."
Thus, it is obvious even from the authorities submitted by appellee that there is a distinction between the types of claims which can be considered by the Public Service Commission and those amenable to litigation before a judicial forum.
For the reasons found in our original opinion and the reasons stated above, we *186 do hereby deny the petition for rehearing and adhere to our original opinion.
Rehearing denied.
Since the issues raised in the above opinion are of great public interest, pursuant to Article V, Section 4(2), Florida Constitution, F.S.A., we do hereby certify this question to the Supreme Court of Florida.
RAWLS, C.J., and SPECTOR, J., concur.
NOTES
[1] City of Holly Hill v. State, 132 So.2d 29 (Fla.App.1st, 1961).
[1] Moss v. Southern Bell Telephone & Telegraph Company, No. 72-23353, Circuit Court, Dade County, 1972.