291 So.2d 199 (1974)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Petitioner,
v.
MOBILE AMERICA CORPORATION, INC., Respondent.
No. 44384.
Supreme Court of Florida.
February 27, 1974.
*200 Harold B. Wahl, of Loftin & Wahl, Nathan H. Wilson, Jacksonville, John A. Boykin, Jr., Atlanta, Ga., Walter H. Alford, Jacksonville, and William D. Goddard, Atlanta, Ga., for petitioner.
Hugh M. Davenport, of Greene, Greene, Smith & Davenport, Jacksonville, for respondent.
*201 Edwin L. Mason, of Mason & Erwin, Tallahassee, D. Fred McMullen and Lee L. Willis, of Ausley, Ausley, McMullen, McGehee & Carothers, Tallahassee, and Hugh C. Macfarlane, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for amicus curiae.
J. Thomas Gurney, Jr., of Gurney, Gurney & Handley, Orlando, for amicus curiae-Florida Telephone Corp.
M.W. Wells, of Maguire, Voorhis & Wells, Orlando, for amicus curiae-The Winter Park Telephone Co., Orange City Telephone Co., Inc. and Quincy Telephone Co.
DEKLE, Justice.
This cause is before us by virtue of the action of the First District Court of Appeal, at 282 So.2d 181, certifying the case as one involving a matter of great public interest; we have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A.
Respondent, plaintiff in the trial court, is a corporation in the business of providing financing for mobile home sales, and brought action against petitioner, a public utility providing telephone service, in the circuit court, alleging in its complaint that it had been damaged by the petitioner's negligent failure to comply with its statutory duty to provide efficient telephone service. The complaint alleged that in November and December of 1971 the telephone service furnished by petitioner failed to meet the standards set forth in F.S. § 364.03, F.S.A., in various respects; money damages were sought for the alleged past inadequacies of service.
The complaint was dismissed by the circuit court on the theory that the Florida Public Service Commission that exclusive jurisdiction in exercising the various functions described in F.S. Ch. 364, F.S.A. This dismissal was without leave to amend, but was expressly stated to be without prejudice to respondent proceeding before the PSC. Appeal was taken to the district court of appeal which reversed and remanded on the basis that the PSC was not authorized to adjudicate damages for the telephone company's negligent failure to meet the statutory standard, noting that respondent would not be required to pursue administrative remedies where such remedies would be of no avail. In an opinion on rehearing, the DCA specifically stated that primary jurisdiction in a tort action does not rest with the PSC and that the PSC does not have authority to award damages for past failures to meet service standards.
Petitioner has now conceded that the PSC does not have exclusive jurisdiction over claims of this nature. Petitioner has also apparently conceded that the doctrine of exhaustion of administrative remedies is not applicable in this situation; in any event, it is clear that pursuit of an administrative remedy by respondent would be to no avail, since the PSC does not have any authority to award money damages, as the able district court opined. One is not required to pursue administrative remedies where such remedies would be of no avail. City of Holly Hill v. State ex rel. Gem Enterprises, Inc., 132 So.2d 29 (Fla.App. 1st 1961).
Petitioner now takes the position that the circuit court does have jurisdiction over a claim sounding in tort and seeking money damages for past failures to comply with the standards of service set forth in F.S. § 364.03, F.S.A., but that the circuit court must obtain the benefit of PSC findings as to whether the applicable standards have been met.
We take the view that while it may be desirable, depending upon the complexity of the issue, for the circuit court to utilize the expertise of the PSC regarding statutory compliance as to service; nevertheless, the circuit judge is not required to do so. Furthermore, we hold that such PSC findings, where sought, are not conclusive but should be considered together with any other evidence before the court on the issue of liability, and on the issue of *202 damages if applicable to that issue. The judge should consider the total evidence in arriving at his conclusions and a jury should be similarly governed by the weight of all of the evidence before it. The PSC findings in such a case would be much like that of the report of a referee or special master which the court, or jury, could act upon as all of the evidence might indicate.
If a complaint raises intricate problems of a technical nature requiring an expert determination of whether the standards set by statute and implemented by more detailed regulations have been met in a particular instance, the court should be free, though not required, to refer such matters to the PSC for its findings, in order to obtain the benefit of the state regulatory agency's specialized expertise in the field.
The PSC is uniquely qualified to determine difficult technical questions regarding the adequacy of telephone service, and has a technical staff whose functions include dealing with such difficult issues. The parties would of course be entitled to be heard and to cross-examine witnesses before the PSC in event of such a reference by the trial court to that body. The ultimate issues raised in a suit for money damages for a completed, past failure to meet the statutory standards are, however, a matter of judicial cognizance and determination. Whether the circumstances of a particular case are such as to indicate that the circuit court should refer the matter to the PSC for findings is a determination resting solely within the sound discretion of the circuit court.
Here the trial court did not so rule; it stated that the circumstances of the cause indicated that a referral to the PSC was in order, and then held that the matter was one within the exclusive jurisdiction of the PSC; hence, it impliedly held that the circuit court was without jurisdiction. This was in error. Although such a determination is understandable in view of the provisions of F.S. § 364.01(2), F.S.A. granting exclusive jurisdiction of all matters set forth in Parts 1 and 2 of Ch. 364 to the PSC, we agree with the district court that the circuit court was not without jurisdiction in the matter. Nowhere in Ch. 364 is the PSC granted authority to enter an award of money damages (if indicated) for past failures to provide telephone service meeting the statutory standards; this is a judicial function within the jurisdiction of the circuit court pursuant to Art. V, § 5(b), Fla. Const.
Accordingly, the order of the First District Court of Appeal is modified to provide that the circuit court may, in its discretion, refer questions of statutory compliance to the Florida Public Service Commission for the benefit of its determination of whether the utility has failed to comply with the standards set forth in F.S. § 364.03, F.S.A., which determination shall not be binding on the circuit court, or upon a jury, if there be contradictory evidence sufficient to support a contrary verdict.
The opinion of the district court is accordingly
Affirmed as modified.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.