671 So.2d 211 (1996)
FLORIDA POWER & LIGHT COMPANY, Petitioner,
v.
Leonard A. GLAZER, individually, etc., et al., Respondents.
Nos. 96-8, 96-11.
District Court of Appeal of Florida, Third District.
April 3, 1996.
*212 Steel, Hector & Davis and Alvin B. Davis, Miami; Hopping, Boyd, Green & Sams, Tallahassee, for petitioner.
Colodny, Fass & Talenfeld, Fort Lauderdale; Lawrence J. Marraffino, Boca Raton; Zisser, Robinson, Brown & Nowlis, Jacksonville; Hopping, Boyd, Green & Sams, Tallahassee, for respondents.
Before NESBITT, LEVY and GERSTEN, JJ.
NESBITT, Judge.
We consolidated Florida Power & Light Company (FP & L)'s petition for a writ of prohibition with a petition for common law certiorari because both emanate from the *213 same civil action pending in the Eleventh Judicial Circuit and are logically interrelated.
In case no. 96-8, FP & L seeks to prohibit the circuit court from exercising any further jurisdiction over respondent Glazer's tort claim.
Because Glazer withdrew some counts of his complaint, and the lower court dismissed others, the case now simply involves a negligence action by Glazer against FP & L. Glazer contends that his exposure to magnetic fields[1] caused him to contract a rare fatal cancer known as chronic myelogenous leukemia. He alleges that the sources of these fields are the residential power line and transformer owned and maintained by FP & L on an easement near Glazer's residence, and a neighborhood water main also located near the residence. FP & L moved for, and was denied, summary judgment on the basis that the circuit court lacked subject matter jurisdiction over this type of case.
FP & L's first argument is that the separation of powers doctrine, grounded in article II, section 3 of the Florida Constitution, precludes the judicial branch from adjudicating this tort claim for damages. The legislature, the argument goes, has delegated comprehensive regulatory authority over electric utilities to the Public Service Commission[2] (PSC) and the Department of Environmental Protection[3] (DEP). FP & L argues that this authority is exclusive and completely divests the courts of jurisdiction to entertain a tort action of this sort.
This argument was deemed meritless by the supreme court in Southern Bell Tel. & Tel. Co. v. Mobile Am. Corp., 291 So.2d 199 (Fla.1974). In that case, the plaintiff filed a negligence action against the telephone company for damages which resulted from the company's failure to comply with its statutory duty to provide efficient telephone service. Id. at 201. The trial court dismissed the plaintiff's complaint based on a finding that the PSC had exclusive jurisdiction over the matters complained of. Id. The First District Court of Appeal rejected this holding and stated in part, "we do not find in [the statute wherein the Board is authorized] to fix and adjudicate damages for negligence on the part of the telephone company...." Mobile Am. Corp. v. Southern Bell Tel. & Tel. Co., 282 So.2d 181, 183 (Fla. 1st DCA 1973).
The supreme court approved the district court's opinion, with a modification not relevant here, and wrote: "Nowhere in Ch. 364 is the PSC granted authority to enter an award of money damages (if indicated) for past failures to provide telephone service meeting the statutory standards; this is a judicial function within the jurisdiction of the circuit court pursuant to Art. V, § 5(b), Fla. Const." Southern Bell, 291 So.2d at 202. FP & L argues in the instant case that Southern Bell is not dispositive because Glazer has alleged injuries from actions that are in full compliance with all applicable statutes and regulations, as opposed to a failure to comply with the same. They further argue that Glazer's complaint is essentially a complaint about the statutes and rules themselves, and that a ruling that the court has *214 jurisdiction under these circumstances would essentially amount to an impermissible invasion into the Legislature's constitutional authority.
We find that this novel argument does not remove this case from Southern Bell's purview. The result in Southern Bell did not turn on the distinction pointed to by FP & L. Instead it turned on the fundamental jurisdictional differences between the legislature and administrative agencies on the one hand, and the judiciary on the other. This distinction was more fully explored by the First District in Southern Bell. Therein, the court quoted an observation from a Michigan Supreme Court case which bears repeating:
[A]n administrative agency, vested with quasi-judicial as well as quasi-legislative powers, can act upon complaints properly filed and accord a hearing to all parties. The jurisdiction of the public service commission under the statutory provisions is broad and comprehensive. Yet that jurisdiction has generally been prospective in operation. However, it is not a proper tribunal to decide a controversy after damage has been inflicted. This is a civil action to recover damages for breach of contract or for negligence. The Commission has no jurisdiction to award plaintiff damages or to reimburse plaintiff for its losses. Only a court, in accordance with due process, can constitutionally award damages in a civil action.
Southern Bell, 282 So.2d at 184 (quoting Muskegon Agency, Inc. v. General Tel. Co. of Michigan, 340 Mich. 472, 65 N.W.2d 748 (1954)).[4]
Additionally, common sense and elementary tort law lead us to conclude that there can be no violation of the separation of powers merely because a court enters judgment against a comprehensively regulated industry on a negligence claim for acts in full compliance with all applicable statutes and regulations. "While compliance with a statutory standard is evidence of due care, it is not conclusive on the issue. Such a standard is no more than a minimum, and it does not necessarily preclude a finding that the actor was negligent in failing to take additional precautions." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 36, at 233 (5th ed. 1984) (footnote omitted); see also Restatement (Second) of Torts § 288C (1965). This court, citing the restatement, has stated, "while proof of compliance with a statute is evidence of due care, it is not conclusive on the issue...." Nicosia v. Otis Elevator Co., 548 So.2d 854, 856 (Fla. 3d DCA 1989); see also Atlantic Coast Line R. Co. v. Wallace, 61 Fla. 93, 54 So. 893, 894 (Fla.1911) (stating that compliance with statutes and regulations is not determinative of negligence issue where circumstances may require additional precautions).
Implicit in these authorities, and the cases that cite to them, is that the courts have jurisdiction to adjudicate claims where statutory and regulatory compliance is raised as a defense. Again, a claim of negligence against an industry based on acts in full compliance with all statutes and regulations is within the jurisdiction of the courts.[5]
FP & L's second argument is that the doctrine of primary jurisdiction requires the circuit court to stay its proceedings until *215 Glazer has submitted his claim to the PSC and/or the DEP, and those agencies are given an opportunity to express their views on the matter. This argument was also addressed and rejected by the supreme court in Southern Bell Tel. & Tel. Co. v. Mobile Am. Corp., 291 So.2d 199 (Fla.1974). Besides, the views of the DEP are already known. As of March 1995, rule 62-814.100(2)(a) of the Florida Administrative Code provided in part:
Although there is no conclusive evidence that there is any danger or hazard to public health at the levels of existing 60 hertz electric and magnetic fields found in Florida, there is evidence of biological effects and a potential for adverse health effects on the public. Further research is needed to determine if there are health effects and the exposure levels at which such effects may occur.
Additionally, the DEP is required to perform "a comprehensive review of the state of the science" and submit annual reports to the Environmental Regulation Commission. Fla.Admin.Code R. 62-814.100(2)(b). The DEP findings, of course, "would be much like that of the report of a referee or special master which the court, or jury, could act upon as all of the evidence might indicate." Southern Bell, 291 So.2d 199, 202 (Fla.1974). Thus, FP & L's petition for a writ of prohibition is denied.
In case no. 96-11, FP & L petitions the court for a writ of certiorari to review the trial court's order denying its motion in limine to exclude Glazer's expert scientific testimony. FP & L contends the lower court incorrectly applied the Frye[6] standard in making its determination to allow the testimony at issue.
This court recently stated that "[i]n cases involving pretrial evidentiary rulings, the writ is reserved for those situations where `there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Riano v. Heritage Corp. of S. Fl., 665 So.2d 1142 (Fla. 3d DCA 1996) (citing Combs v. State, 436 So.2d 93, 96 (Fla. 1983)). The order sought to be reviewed does not present such a situation and does not warrant the extraordinary remedy of certiorari review. See Patterson v. Whitehead, 360 So.2d 1136 (Fla. 1st DCA 1978).
For the foregoing reason, the petition for prohibition is denied, and the petition for certiorari is dismissed.
NOTES
[1] Generally, in reported cases and other literature the discussion deals with electric and magnetic fields or EMFs. According to FP & L's petition, Glazer has confined his claim in this case solely to magnetic fields.
[2] Chapter 366 of the Florida Statutes deals generally with the PSC's jurisdiction and function. Specifically, section 366.04(1) provides in part that "the commission shall have jurisdiction to regulate and supervise each public utility with respect to its rates and service...." That same subsection later states that "[t]he jurisdiction conferred upon the commission shall be exclusive and superior to that of all other boards, agencies, political subdivisions, municipalities, towns, villages, or counties, and, in case of conflict therewith, all lawful acts, orders, rules, and regulations of the commission shall in each instance prevail." § 366.04(1). Fla.Stat. (1995).
[3] Chapter 403 of the Florida Statutes delegates to the DEP the power and duty to "[e]stablish requirements by rule that reasonably protect the public health and welfare from electric and magnetic fields...." § 403.061(30), Fla.Stat. (1995); see § 403.523(10), Fla.Stat. (1995). It goes on to provide that, "[n]otwithstanding any other provision in this chapter or any other law of this state or political subdivision thereof, the department shall have exclusive jurisdiction in the regulation of electric and magnetic fields associated with all electrical transmission and distribution lines and substation facilities." § 403.061(30), Fla.Stat. (1995).
[4] We also note that when the legislature wishes to abolish a cause of action and/or provide substitute remedies by vesting exclusive jurisdiction in an administrative proceeding, it well knows how, and does so quite explicitly. See generally Florida Birth-Related Neurological Injury Compensation Ass'n v. McKaughan, 668 So.2d 974 (Fla. 1996) (noting similarities between NICA plan and workers' compensation administrative scheme).
[5] This leaves intact, of course, the notion that "[w]here there is a normal situation, clearly identical with that contemplated by the statute or regulation, and no special circumstances or danger are involved, it may be found, and can be ruled as a matter of law, that the actor has done his full duty by complying with the statute, and nothing more is required." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 36, at 233 (5th ed. 1984). This is far different, however, from ruling that the court does not have jurisdiction to hear such a claim. In fact, this court, on at least one prior occasion, exercised subject matter jurisdiction over a negligence claim against FP & L, where no violations of applicable codes or regulations existed, and ruled that the company was not negligent as a matter of law. Lopez v. Florida Power & Light Co., 501 So.2d 1339 (Fla. 3d DCA), rev. denied, 513 So.2d 1062 (Fla.1987).
[6] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).