PER CURIAM.
Gina Beck appeals a final summary judgment entered in favor of L.R. Ritchie Electrical Contractor (Ritchie), appellee, in Beck’s personal injury action against Ritchie in which Beck alleged she had been injured by electrical current from exposed electrical wires left in an unsafe and hazardous condition following removal of a pay telephone by Ritchie. Because we find disputed issues of material fact, we reverse.
Ritchie, through its employee Gordan King, removed a pay telephone from the front wall of a Circle K convenience store in Pensacola. After removal, King covered the remaining electrical outlet box and wires but did not disconnect the wires from the power source to the box. Between the time of removal of the telephone and Beck’s accident, the cover of the outlet box was removed leaving exposed wiring. Beck sued Ritchie after she was injured by the electrical current in an exposed wire protruding from the location of the outlet box.
Ritchie moved for summary judgment, arguing that its work had been correctly performed in accordance with the National Electric Code governing electrical work in Pensacola. In response, by affidavit, Beck’s expert witness testified, in substance, that, even if Ritchie had covered the wires and electrical box at the time it removed the telephone as required by the code, Ritchie was negligent in leaving electrical power running to an outside connection box. The trial court entered summary judgment for Ritchie, ruling that Beck failed to establish that Ritchie violated any applicable provision of any code governing performance of the work. This appeal ensued.
Although compliance with the code governing the performance of electrical work is evidence of due care, it is not conclusive of the issue, and it does not necessarily preclude a finding that Ritchie was negligent in failing to take additional precautions. Florida Power & Light Co. v. Glazer, 671 So.2d 211, 214 (Fla. 3d DCA 1996); see also, Kidron, Inc. v. Carmona, 665 So.2d 289, 291 (Fla. 3d DCA 1995). When all inferences from the record evidence are drawn in favor of Beck, we conclude that genuine issues of material fact remain concerning whether Rit-chie was negligent in securing the outlet box or in failing to disconnect the electrical power to the wires in the box.
REVERSED and REMANDED for proceedings consistent with this opinion.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.