CAMPBELL, Acting Chief Judge.
Appellants, Henry P. Trawiek, Jr. and Louise J. Trawiek, challenge the final judgment of dismissal entered against them in their action against appellee, Florida Power & Light Company (FPL). Appellants filed this action for declaratory and injunctive relief after FPL caused the live oak trees in appellants’ yard to be severely trimmed. The trial court dismissed their complaint with prejudice, finding that the Florida Public Service Commission (FPSC) had exclusive jurisdiction of the subject matter and that the action was not a proper one for declaratory relief. We disagree and reverse.
Appellee FPL, which provides residential electrical service to appellants’ home, had directed Asplundh Tree Expert Company, purportedly as part of its line maintenance program, to trim the live oak trees on appellants’ property. Following the pruning, appellants filed this action for declaratory and injunctive relief, claiming that appellee was not authorized to trim the trees without appellants’ permission and that, moreover, the trimming was unnecessarily severe, causing not only a substantial loss of shade, but severely reducing the visual beauty of the trees and thereby reducing the value of appellants’ property. Appellants also allege that these circumstances' may arise again in the future; thus, the need for a declaration of their rights to prevent or contest such action by FPL. On appellee’s motion, the trial court dismissed the declaratory judgment portion of appellants’ first complaint, granting appellants time to amend. Appellants filed an amended complaint, to which appellee filed another motion to dismiss. The court finally dismissed with prejudice appellants’ amended complaint, finding that FPSC had exclusive jurisdiction of the subject matter and that the action was not a proper one for declaratory relief.
In reaching this determination, however, the court misapprehended the nature of the jurisdiction of FPSC. Not only is the subject matter of the action not within FPSC’s jurisdiction, but the remedies sought are outside FPSC’s authority as well. While it is true that FPSC has exclusive jurisdiction to “regulate and supervise each public utility with respect to its rates and service,” (§ 350.011, Fla.Stat.(1995)) the instant action does not implicate rates or service. The mere fact that the action was filed by a FPL customer does not relegate it to the exclusive jurisdiction of FPSC. Appellants requested remedies that are exclusively judicial: a declaration of rights and an injunction. FPSC is *772 not authorized to grant such relief. See § 366.05, Fla. Stat. (1995). These are judicial remedies. See Fla. Power & Light Co. v. Glazer, 671 So.2d 211 (Fla. 3d DCA 1996).
We conclude that courts are not precluded from determining'whether a utility company, in serving a customer, has acted arbitrarily to the detriment of that customer or in a manner that results in unnecessary damage to the customer’s property. Neither are courts precluded, in such situations, from fashioning a remedy to prevent future damage.
Similarly, although the trial court concluded that the action was not proper for declaratory judgment, we disagree. We conclude that the six requirements for a declaratory judgment set forth in May v. Holley, 59 So.2d 636 (Fla.1952), were alleged in appellants’ amended complaint.
Having found that the court erred in dismissing appellants’ amended complaint with prejudice, we reverse and remand for further proceedings consistent with this opinion.
THREADGILL and NORTHCUTT, JJ., concur.