# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1002
Lower Tribunal No. 17-22854
_____

## Florida Power & Light Company, etc.,
Petitioner,

vs.

## Heydi Velez, et al.,
Respondents.

A Case of Original Jurisdiction – Prohibition.

Squire Patton Boggs (US) LLP, and Alvin B. Davis, for petitioner.

Armas Bertran Pieri, and J. Alfredo Armas, Eduardo E. Bertran and Francesco A. Zincone; Acosta Law Firm, and Julio C. Acosta and Simeon Genadiev; MSP Recovery Law Firm, and John H. Ruiz; Dorta Law and Gonzalo R. Dorta, for respondents.

Before SUAREZ, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Florida Power & Light Company ("FPL") petitions for a writ of prohibition, seeking to prohibit the trial court from continuing to exercise jurisdiction in the proceeding below, pending a determination from the Florida Public Service Commission ("PSC") as to whether FPL complied with storm-hardening standards established by the PSC. Upon our determination that the trial court has jurisdiction to proceed with the action below, we deny the petition.

The action was filed below by the respondents, members of a putative class of FPL customers who seek money damages on claims against FPL for breach of contract and gross negligence, arising out of an alleged failure by FPL to comply with certain storm-hardening standards established by the PSC. FPL maintains that the PSC has exclusive jurisdiction over certain issues raised in the respondents' complaint.

This court may grant a writ of prohibition "when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction." English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977). Importantly, "[p]rohibition will be invoked only in emergency cases to forestall an impending present injury where [the] person seeking [the] writ has no other appropriate and adequate legal remedy." Id. at 297 (citation omitted).

There can be no question that the PSC has the exclusive jurisdiction "to regulate and supervise each public utility with respect to its rates and service . . . ."

2

§366.04, Fla. Stat. (2017). However, and as petitioner properly concedes, the PSC **does not** have the authority to award money damages. See Southern Bell Tel. & Tel. Co. v. Mobile Am. Corp., 291 So. 2d 199 (Fla. 1974).

Further, the courts are the appropriate forum for determining whether FPL's alleged past conduct constituted a breach of contract or gross negligence, and the mere fact that such claims may involve questions of whether FPL failed to meet certain standards established by the PSC does not divest the trial court of its jurisdiction, or vest exclusive jurisdiction in the PSC, to resolve such issues. See e.g., Fla. Power & Light v. Glazer, 671 So. 2d 211, 214 (Fla. 3d DCA 1996).

As the Florida Supreme Court has previously noted:

> The PSC is uniquely qualified to determine difficult technical questions regarding the adequacy of telephone service, and has a technical staff whose functions include dealing with such difficult issues. The parties would of course be entitled to be heard and to cross-examine witnesses before the PSC in event of such a reference by the trial court to that body. The ultimate issues raised in a suit for money damages for a completed, past failure to meet the statutory standards are, however, a matter of judicial cognizance and determination. Whether the circumstances of a particular case are such as to indicate that the circuit court should refer the matter to the PSC for findings is a determination resting solely within the sound discretion of the circuit court.
>
> ***
>
> Nowhere in Ch. 364 is the PSC granted authority to enter an award of money damages (if indicated) for past failures to provide telephone service meeting the statutory standards; this is a judicial function within the jurisdiction of the circuit court pursuant to Art. V, s 5(b), Fla. Const.

<u>Southern Bell</u>, 291 So. 2d at 202 (emphasis added).

In <u>Southern Bell</u>, the trial court dismissed a tort action based upon a finding that the PSC had exclusive jurisdiction. The First District reversed that dismissal order, holding that the PSC did not have exclusive jurisdiction. The Florida Supreme Court affirmed, approving the following analysis contained in the First District's opinion:

> The jurisdiction of the Public Service Commission is primarily prospective—a matter of promulgating regulations and setting rates. Its tariffs and regulations, if applicable, control as to the rights of the parties. The courts are primarily concerned with affording remedies for actions that have taken place. A claim that sets forth facts showing a plaintiff suffered damage as a result of a violation of the tariffs and regulations can be entertained by a court of general jurisdiction, or a claim in tort that sets forth facts which would constitute tortious conduct to the injury and damage of the claimant can also be filed in a court of general jurisdiction.

<u>Mobile Am. Corp. v. Southern Bell Tel. & Tel. Co.</u>, 282 So. 2d 181, 184 (Fla. 1st DCA 1973) (quoting <u>Valentine v. Michigan Bell Telephone Co.</u>, 388 Mich. 19, 199 N.W. 2d 182 (1972)).

Further, the Florida Supreme Court noted that although a trial court **may**, in the exercise of its discretion, refer to the PSC matters which "raise[] intricate problems of a technical nature . . . to obtain the benefit of the state regulatory agency's specialized expertise in the field," the trial court was not <u>required</u> to do so and the trial court maintained its jurisdiction to award money damages "for past

4

failure to provide . . . service meeting the statutory standards." <u>Southern Bell</u>, 291 So. 2d at 202.

See also <u>Glazer</u>, 671 So. 2d at 214 (reaffirming that the PSC's authority is not exclusive and does not divest the circuit court of its jurisdiction over tort actions seeking money damages; noting further: "'While compliance with a statutory standard is evidence of due care, it is not conclusive on the issue. Such a standard is no more than a minimum, and it does not necessarily preclude a finding that the actor was negligent in failing to take additional precautions.'") (quoting W. Page Keeton et al, *Prosser and Keeton on the Law of Torts* § 36, at 233 (5th ed. 1984)); <u>Winter Springs Dev. Corp. v. Florida Power Corp.</u>, 402 So. 2d 1225, 1228 (Fla. 5th DCA 1981) (holding that "where, as here, a plaintiff seeks money damages for breach of contract, which an administrative body is not empowered to award, the administrative remedy is not considered adequate and the plaintiff is not bound to exhaust it before seeking relief in court.") <u>Compare</u> <u>Florida Power Corp. v. Zenith Indus. Co.</u>, 377 So. 2d 203, 204 (Fla. 2d DCA1979) (holding that, where customer filed suit alleging electric company improperly increased rates, and sought refund of overcharges, "jurisdiction to determine and award refunds of the alleged overcharges does not lie in the court, but in the Florida Public Service Commission.")

Petition denied.