# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-181
Lower Tribunal No. 17-22854
_____

**Florida Power & Light Company**,
Appellant,

vs.

**Heydi Velez, et al.**,
Appellees.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Heise Suarez Melville, P.A., Luis E. Suarez, Patricia Melville, Mark J. Heise, Dorian Daggs, Thomas S. Ward, Joseph Ianno, Jr., (Juno Beach), Squire Patton Boggs, (US) LLP, Alvin B. Davis, Digna B. French, Boies, Schiller & Flexner LLP, Stuart H. Singer, Sashi C. Bach, and Pascual Oliu (Fort Lauderdale), for appellant.

Armas Bertran Zincone, J. Alfredo Armas, Eduardo E. Bertran, Francesco A. Zincone, III, Acosta Law Firm, Julio C. Acosta, Simeon Genadiev, MSP Recovery Law Firm, John H. Ruiz, Alexis Fernandez, and Dorta Law, and Gonzalo R. Dorta, for appellees.

Shutts & Bowen LLP, Ricky L. Polston, Daniel E. Nordby (Tallahassee), Michael P. Silver, and Alyssa L. Cory (Tampa), for Tampa Electric Company and Duke Energy Florida, LLC, as amici curiae.

Before LINDSEY, MILLER, and BOKOR, JJ.

MILLER, J.

Upon consideration of the motion for rehearing en banc or clarification, the response thereto, supplemental briefing, and the parties' oral arguments, the court grants rehearing, withdraws the opinion filed March 22, 2023, and substitutes the following opinion in its place.[1] See Romero v. State, 870 So. 2d 816, 818 (Fla. 2004) (treating motion for rehearing en banc as including motion for rehearing because doing so "adheres to the spirit of Florida Rule of Appellate Procedure 9.040(d)").

## INTRODUCTION

Appellant, Florida Power & Light Company ("FPL"), appeals from a non-final order certifying a class in an action seeking damages resulting from Hurricane Irma-related service interruptions. After a panel of this court affirmed the class certification on direct appeal, FPL sought rehearing en banc or clarification. While the motion was pending, the Florida Legislature enacted section 366.98, Florida Statutes (2023). The parties presented

---

[1] We express no opinion as to the viability of the class because any cause of action is not yet ripe.

2

supplemental briefing, and FPL argued, among other grounds, that, by exercise of legislative prerogative, the exclusive jurisdiction to determine threshold issues relating to disaster preparedness now lies with the Public Service Commission (the "PSC"). We agree.

**ANALYSIS**

Bearing the title "Public utility liability arising out of emergencies and disasters," section 366.98, Florida Statutes was enacted effective July 1, 2023. The statute contains two distinct provisions. Because it is dispositive, we confine our analysis to that portion of the statute expanding the jurisdiction of the PSC.

Section 366.98(1) provides, in pertinent part: "Consistent with the commission's jurisdiction over public utility rates and service, issues relating to the sufficiency of a public utility's disaster preparedness and response shall be resolved by the commission." § 366.98(1), Fla. Stat. As with any statutory analysis, we begin with the plain language of the provision, and, in the absence of ambiguity, we end there, as well. See Sch. Bd. of Miami-Dade Cnty. v. Fla. Dep't of Health, 329 So. 3d 784, 787 (Fla. 3d DCA 2021). In performing this task, we construe words of common usage in their plain and ordinary sense. See Metropolitan Dade County. v. Milton, 707 So. 2d 913, 915 (Fla. 3d DCA 1998).

3

A plain reading of this provision yields the conclusion that the tribunal now charged with resolving "issues relating to the sufficiency of a public utility's disaster preparedness and response" is the PSC. § 366.98(1), Fla. Stat. As evidenced by the phrase "shall be resolved," this shift in jurisdiction from the courts to the PSC is not permissive, but instead mandatory.[2] See Steinbrecher v. Better Constr. Co., 587 So. 2d 492, 494 (Fla. 1st DCA 1991) ("[T]he use of the term 'shall' in a statute normally has a mandatory connotation.").

"[J]urisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" Landgraf v. USI Film Prods., 511

---

[2] Prior to the enactment of section 366.98, Florida Statutes, courts had jurisdiction over tort claims and the PSC had "limited authority to conduct administrative fact-finding regarding *billing disputes and rates for electric power*," which did "not preclude a trial court's adjudication of a gross negligence claim for compensatory damages based on the totality of FPL's conduct regarding its customer." Ramos v. Fla. Power & Light Co., 21 So. 3d 91, 92 (Fla. 3d DCA 2009) (emphasis added); see also Fla. Power & Light Co. v. Albert Litter Studios, Inc., 896 So. 2d 891, 896 (Fla. 3d DCA 2005) ("The essence of the purported class-action claim against [FPL] is a refund of money customers paid [FPL] for electricity they did not actually use. Jurisdiction for actions such as this properly resides in the [PSC]."); Fla. Power & Light Co. v. Velez, 257 So. 3d 1176, 1177 (Fla. 3d DCA 2018) ("[C]ourts are the appropriate forum for determining whether FPL's alleged past conduct constituted a breach of contract or gross negligence, and the mere fact that such claims may involve questions of whether FPL failed to meet certain standards established by the PSC does not divest the trial court of its jurisdiction, or vest exclusive jurisdiction in the PSC, to resolve such issues.").

U.S. 244, 274 (1994) (quoting Republic Nat'l Bank of Mia. v. United States, 506 U.S. 80, 100 (1992) (Thomas, J., concurring in part)); see also Love v. State, 286 So. 3d 177, 187 (Fla. 2019). Hence, "unlike other intervening changes in the law, a jurisdiction-conferring or jurisdiction-stripping statute usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.'" Hamdan v. Rumsfeld, 548 U.S. 557, 576–77 (2006) (quoting Hallowell v. Commons, 239 U.S. 506, 508 (1916)).

Consistent with these principles, application is presumed to apply retroactively. See Landgraf, 511 U.S. at 274–75 (explaining jurisdictional changes are procedural and that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity"). The instant dispute centers around service interruptions suffered by consumers in the wake of a natural disaster. Accordingly, the PSC has the exclusive jurisdiction to determine preliminary liability relating to the sufficiency of FPL's disaster preparedness.

We are therefore constrained to reverse the order under review and remand with instructions to stay the proceedings below pending the resolution of the threshold issues. See Pub. Serv. Comm'n v. Fuller, 551 So. 2d 1210, 1213 (Fla. 1989).

Reversed and remanded.